# *EXHIBIT A*


Like  97 people like this. Be the first of
your friends.

 www.wvcircuitexpress.com 

| Search Again | Log Out |
|---|---|

Civil
Case Information
Third Judicial Circuit of Ritchie County

17-C-8
Judge: TIMOTHY L. SWEENEY
ARNOLD K. RICHARDS VS. EQT PRODUCTION COMPANY

Plaintiff(s) - (If Name is blue then point to name for additional information)

**RICHARDS, MARY L. RICHARDS, ARNOLD K.**

Plaintiff
Attorney(s)

N/A

Defendant(s) - (If Name is blue then point to name for additonal information)

**CT CORPORATION SYSTEM EQT PRODUCTION COMPANY**

Defendant
Attorney(s)

N/A

Case Information:

Date Filed: 02/27/2017
Case Type:
Appealed: 0

Events:

| LINE | DATE | ACTION / RESULT | Document |
|---|---|---|---|
| 1 | 02/27/2017 | TO CLERK BY WINDOM LAW OFFICES $200.00 FILING FEE | |
| 2 | 02/27/2017 | CCIS-CIVIL CASES FILED | |
| 3 | 02/27/2017 | COMPLAINT FILED | |
| 4 | 02/27/2017 | CERTIFICATE OF SERVICE FOR PLAINTIFF'S FIRST SET OF COMBINED | |
| 5 | | DISCOVERY REQUESTS TO DEFENDANT DATED FEBRUARY 27, 2017, FILED | |
| 6 | 02/27/2017 | SUMMONS AND THREE COPIES OF COMPLAINT W/PLAINTIFF'S FIRST SET OF | |
| 7 | | COMBINED DISCOVERY REQUESTS TO DEFENDANT TO SECRETARY OF STATE | |
| 8 | | FOR SERVICE UPON EQT | |
| 9 | 03/07/2017 | RETURN OF SERVICE MADE ON SUMMONS, COMPLANT AND CERTIFICATE OF | |
| 10 | | SERVICE BY SEC OF STATE. SERVICE ON BEHALF OF EQT PRODUCTION | |
| 11 | | COMPANY ON MARCH 3, 2017. | |



 **CT Corporation**

**Service of Process Transmittal**
03/09/2017
CT Log Number 530830313

TO:     Jessica Brisendine
        EQT Production Company
        1710 Pennsylvania Ave
        Charleston, WV 25302-3934

RE:     **Process Served in West Virginia**

FOR:    EQT Production Company  (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Arnold K. Richards and Mary L. Richards, etc., Pltfs. vs. EQT Production Company, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Attachment(s), Complaint, Certificate(s) |
| **COURT/AGENCY:** | Ritchie County Circuit Court, WV<br>Case # 17C8 |
| **NATURE OF ACTION:** | Breach of Contract - Failure to Properly Account for Royalties |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Charleston, WV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/09/2017 postmarked on 03/07/2017 |
| **JURISDICTION SERVED :** | West Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Scott A. Windom<br>Windom Law Offices, PLLC<br>101 East Main Street<br>Harrisville, WV 26362<br>304-643-4440 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0129939916<br><br>Image SOP<br><br>Email Notification,  Melissa Preston  mpreston@eqt.com<br><br>Email Notification,  Jessica Brisendine  jbrisendine@eqt.com<br><br>Email Notification,  Carrie Wolf  cwolf@eqt.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 5400 D Big Tyler Road<br>Charleston, WV 25313 |
| **TELEPHONE:** | 919-821-7139 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CERTIFIED MAIL**



U.S. POSTAGE ›› PITNEY BOWES

ZIP 25311    $ 006.83⁰
02 4W
0000336734 MAR. 07. 2017.

BUSINESS & LICENSING

1610 - 00

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0001 9183 83



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

EQT PRODUCTION COMPANY
C. T. Corporation System
5400 D Big Tyler Road
CHARLESTON, WV 25313

**Control Number:** 179483

**Defendant:** EQT PRODUCTION COMPANY
5400 D Big Tyler Road
CHARLESTON, WV 25313 US

**Agent:** C. T. Corporation System

**County:** Ritchie

**Civil Action:** 17-C-8

**Certified Number:** 92148901125134100001918383

**Service Date:** 3/3/2017

I am enclosing:

**1 discovery, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

SUMMONS

## IN THE CIRCUIT COURT OF RITCHIE COUNTY, WEST VIRGINIA

ARNOLD K. RICHARDS and
MARY L. RICHARDS, his wife,
     PLAINTIFFS,

VS.                                          CASE NO. 17-C-81

EQT PRODUCTION COMPANY,
A Pennsylvania Corporation,
     DEFENDANT.

SUMMONS

Serve On:         EQT PRODUCTION COMPANY
                 c/o CT Corporation System
                 5400 D Big Tyler Road
                 Charleston, WV 25313

To the above-named Defendant:

     IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned
and required to serve upon SCOTT A. WINDOM, Plaintiff's Attorney, whose
address is 101 East Main Street, Harrisville, WV 26362, an Answer
including any related counterclaim you may have to the Complaint filed
against you in the above styled civil action, a true copy of which is
herewith delivered to you. You are required to serve your answer within
30 days after service of this summons upon you, exclusive of the day of
service. If you fail to do so, judgment by default will be taken against
you for the relief demanded in the Complaint and you will be thereafter
barred from asserting in another action any claim you may have which must
be asserted by counterclaim in the above styled civil action.

     Dated this 27th day of February, 20176.


                            CLERK OF THE CIRCUIT COURT OF
                            RITCHIE COUNTY, WEST VIRGINIA

ACCEPTED FOR SERVICE OF PROCESS

2017 MAR -3 P 1: 0
SECRETARY OF STATE OF WEST VIRGINIA

## CIVIL CASE INFORMATION STATEMENT
### CIVIL CASES

**In the Circuit Court,** _____**RITCHIE**_____ **County, West Virginia**

**I.    CASE STYLE:**

**Plaintiff(s)**                                                      **Case #**____ **17-C-** **8**
                                                                     **Judge:** **Timothy L. Sweeney**

**ARNOLD K. RICHARDS and**
**MARY L. RICHARDS, his wife**
**c/o Windom Law Offices, PLLC**
**101 East Main Street**
**Harrisville, WV    26362**

**vs.**

**Defendant(s)**                    **Days to Answer**              **Type of Service**

**EQT PRDUCTION COMPANY**          **30**                          **WV Secretary of State**

**C/O CT Corporation System**
**5400 D    Big Tyler Road**
**Charleston, WV   25313**

FILED
2017 FEB 27 P 2:01
ROSE ELLEN COX
CLERK CIRCUIT COURT
RITCHIE COUNTY, WV

**Original and** ____**3**____ **copies of complaint furnished herewith.**

**PLAINTIFFS: ARNOLD K. RICHARDS and**
**MARY L. RICHARDS, his wife**
**DEFENDANTS: EQT PRODUCTION COMPANY**

**CASE NUMBER: 17-C- 8**

## II.  TYPE OF CASE:

| TORTS | OTHER CIVIL | OTHER CIVIL |
|---|---|---|
| [   ] Asbestos | [   ] Adoption | [   ] Appeal from Magistrate Court |
| [   ] Professional Malpractice | [ X ] Contract | [   ] Petition for Modification of Magistrate Sentence |
| [   ] Personal Injury | [   ] Real Property | [   ] Miscellaneous Civil |
| [   ] Product Liability | [   ] Mental Health | [   ] Other |
| [   ] Other Tort – Wrongful Death | [   ] Appeal of Administrative Agency | |

**III.  JURY DEMAND:   [√] Yes   [   ]  No**
**CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR):    12/17**

**IV.  DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?   [ ] YES    [√] NO**
**IF YES, PLEASE SPECIFY:**
[   ] Wheelchair accessible hearing room and other facilities
[   ] Interpreter or other auxiliary aid for the hearing impaired
[   ] Reader or other auxiliary aid for the visually impaired
[   ] Spokesperson or other auxiliary aid for the speech impaired
[   ] Other:_____

Attorney Name:    Scott A. Windom                            Representing:

Firm: Windom Law Offices, PLLC                    [ √ ] Plaintiffs     [   ] Defendant

Address: 101 E. Main St., Harrisville, WV 26362    [   ] Cross-Complainant    [   ] Cross-Defendant

Telephone:    (304) 643-4440        Dated:    February 27, 2017

Signature

[ ] Pro Se

## IN THE CIRCUIT COURT OF RITCHIE COUNTY, WEST VIRGINIA

ARNOLD K. RICHARDS and
MARY L. RICHARDS, his wife,

     Plaintiffs,

v.

                           Civil Action No.: 17-C-___**8**___
                           Judge: Timothy L. Sweeney

EQT PRODUCTION COMPANY,
A Pennsylvania Corporation,

     Defendants.

### COMPLAINT

     Plaintiffs, **ARNOLD K. RICHARDS** and **MARY L. RICHARDS**, his wife, ("Plaintiffs"), by counsel, bring the following claims against **EQT PRODUCTION COMPANY**, **a Pennsylvania Corporation** ("Defendant"): (1) a claim for accounting; (2) a breach of contract claim for wrongful monetary deductions from oil, gas and by-product royalties, the underpayment of royalty income, and, the failure to properly and honestly account for royalties, all in violation of the leases and assignments under which the Defendant develops and sells natural gas, oil and by-products from property owned by the Plaintiffs; (3) a claim for breach of fiduciary duties and responsibilities; (4) a claim for the negligent misrepresentation and concealment of the calculation of royalties on statements and accountings; and, (5) a claim for the intentional, malicious, wanton, reckless and fraudulent misconduct in denying Plaintiffs the proper royalties.

### PARTIES

1. The Plaintiffs, **ARNOLD K. RICHARDS** and **MARY L. RICHARDS,** his wife, are residents of 707 Rock Camp Road in Harrisville, Ritchie County, West Virginia.

2. The Defendant, **EQT PRODUCTION COMPANY,** is a Pennsylvania corporation with a principle place of business located at 625 Liberty Avenue, Suite 1700, Pittsburgh, PA, 15222.

3. The Defendant's local office is located at 115 Professional Place, Bridgeport, WV 26330.

4. The Defendant's notice of process address is C/O CT Corporation System, 5400 D, Big Tyler Road, Charleston, WV 25313.

### Jurisdiction and Venue

5. Venue and jurisdiction are appropriate in this court because the Plaintiffs reside in Ritchie County, West Virginia; the Defendant conducts business in Ritchie County, West Virginia; the subject leasehold estates are situate in Union District, Ritchie County, West Virginia; and, the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of this Court.

### General Allegations

6. Plaintiffs are the owners of the oil, gas and minerals within and underlying the following lots, tracts or parcels of real estate situate in Union District, Ritchie County, West Virginia:

   a) 74 acres, *more or less*, situate on the waters of Rock Camp Run;

   b) 92 acres, *more or less*, situate on the waters of Rock Camp Run; and,

   c) 98 acres, *more or less*, situate on the waters of Rock Camp Run.

7. The 74 acre, *more or less*, tract was originally leased between A.H. Hodge, et ux., as lessor, to J.E. Richards as lessee, by oil and gas lease dated December 1, 1951, of record in the office of the Clerk of the County Commission of Ritchie County, West Virginia, in Lease Book 80 at page 449.

8. Thereafter, by *Amendment and Ratification of Oil and Gas Lease* dated September 4, 2014, of record in the said Clerk's office in Lease Book 277 at page 949, the Plaintiffs and Defendant entered into an agreement to modify the existing 74 acre, *more or less*, lease to allow for pooling and unitization in order to develop the oil, gas, non-gaseous

liquids and other products from the Marcellus Shale within and underlying the subject acreage.

9. The 92 acre, *more or less*, tract was originally leased between Ruby Dotson, et al., as lessor, to J.E. Richards as lessee, by oil and gas lease dated December 5, 1951, of record in the office of the Clerk of the County Commission of Ritchie County, West Virginia, in Lease Book 80 at page 445.

10. Thereafter, by *Amendment and Ratification of Oil and Gas Lease* dated September 4, 2014, of record in the said Clerk's office in Lease Book 277 at page 973, the Plaintiffs and Defendant entered into an agreement to modify the existing 92 acre, *more or less*, lease to allow for pooling and unitization in order to develop t the oil, gas, non-gaseous liquids and other products from the Marcellus Shale within and underlying the subject acreage.

11. The 98 acre, *more or less*, tract was originally leased between Pearl Hutchinson, et al., as lessor, to J.E. Richards as lessee, by oil and gas lease dated December 5, 1951, of record in the office of the Clerk of the County Commission of Ritchie County, West Virginia, in Lease Book 80 at page 447.

12. Thereafter, by *Amendment and Ratification of Oil and Gas Lease* dated September 4, 2014, of record in the said Clerk's office in Lease Book 277 at page 973, the Plaintiffs and Defendant entered into an agreement to modify the existing 98 acre, *more or less*, lease to allow for pooling and unitization in order to develop the oil, gas, non-gaseous liquids and other products from the Marcellus Shale within and underlying the subject acreage.

13. The Plaintiffs are successors in interest to the various lessors in the original oil and gas leases more particularly set forth above.

14. The Defendant is the successor in interest of the lessee, J.E. Richards, through various *mesne* conveyances.

15. All three of the above-described leases have the following royalty provision:

> "*In consideration of the Premises the said party of the second part, covenants and agrees: 1st-to deliver to the credit of the Lessors, their heirs or assigns, free of cost, in the pipe line to which the Lessee may connect the wells...the equal one-eighth (1/8) part of all oil produced and saved from the leased premises; and second, to pay...one-eighth (1/8) of the market price of the gas from each and every gas well drilled on said premises, the product from which is marketed and sold off the premises, said gas to be measured by a meter.*"

16. The three leases also provided as follows:

> "*...[I]f 'casing head gas' (being gas produced from oil wells) or any part thereof should be marketed and sold by said Lessee, said Lessors shall receive one-eighth of the market price of the gas and other by-products so marketed and sold.*"

17. The Defendant operates and produces several vertical wells on the subject leasehold estates, including the A.K. Richards, Ruby Dotson Wilson wells for which the Plaintiffs have received royalty without deduction for post-production or any other costs.

18. The Defendant has recently drilled horizontal Marcellus Shale wells on the Pullman 96 pad—identified or referred to as "PUL96"—situate on the Wilma Wilson farm in Union District, Ritchie County, West Virginia, and pursuant, in part, to the leases and modifications set forth above.

19. The wells identified as ***PUL96H1*** (API #47-085-10219), ***PUL96H2*** (API #47-085-10207), ***PUL96H3*** (API #47-085-10220), ***PUL96H4*** (API #47-085-10217), ***PUL96H5*** (API #47-085-10211), and ***PUL96H6*** (API #47-085-10218) all produce oil, gas and/or by-products from one or more of subject three (3) leasehold estates previously described herein.

20. During all periods relevant to this action, the Defendant had the duty and responsibility to produce, market and account for the oil, gas, casinghead gas and/or by-products that it removed from the Plaintiffs' properties from the above-described horizontal wells and to pay the Plaintiffs all royalties due to them from the same.

21. During all periods relevant to this action, the Defendant failed to provide adequate accountings of the oil, gas, casinghead gas and/or by-products that it removed from the Plaintiffs' properties from the above-described horizontal wells, the amounts received therefor, and the costs and other items deducted from the Plaintiffs' royalties.

22. During all periods relevant hereto, the Defendant improperly calculated the Plaintiffs' royalties from the above-described horizontal wells.

23. During all periods relevant hereto, the Defendant made improper deductions from the Plaintiffs' royalties from the above-described horizontal wells.

24. The Defendant continues to fail to provide adequate accountings for the above-described horizontal wells, continues to improperly calculate Plaintiffs' royalties from the above-described horizontal wells, and continues to make improper deductions from the same.

## Count I – Failure to Properly Account for Royalties

25. The Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

26. The Defendant has an affirmative duty to account for and pay the Plaintiffs the true and correct royalty due to them by virtue of (i) the oil and gas leases, (ii) the contractual duty of good faith and fair dealing implied in all contracts, and (iii) by virtue of its fiduciary duty and responsibility of an oil and gas lessee who is responsible for the production, marketing and sales of natural gas, oil, casinghead gas and/or by-products.

27. The Defendant intentionally violated its fiduciary responsibilities and contractual duties by sending statements and/or accountings which omitted, concealed and or misrepresented material facts relevant to the marketing and sale of Plaintiffs' natural gas, oil, casinghead gas and/or by-products, and calculation of royalties with the intent that the Plaintiffs would rely upon the same.

28. By failing to provide full, complete and truthful statements of the natural gas, oil, casinghead gas and/or by-products removed from the Plaintiffs' property, the amounts received by the Defendant for the same, and the costs and other items deducted from the Plaintiffs' royalties, the Defendant has failed to properly account for the operations under the contracts.

## Count II – Breach of Contract – Underpayment of Royalties

29. The Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

30. The Defendant has an affirmative duty to account for and pay to the Plaintiffs the true and correct royalty due to them by virtue of the contracts and the duty of good faith and fair dealing.

31. By wrongfully making deductions—at the time of the filing of this Complaint, the Defendant has taken $12,935.96 in un-itemized deductions—from the royalties due to the Plaintiffs, the Defendant has failed to pay proper royalty and thereby intentionally and wrongfully breached the express terms of the contracts.

32. Plaintiffs are entitled to damages for the wrongful deductions taken from their royalty income.

33. Plaintiffs have incurred damages as a direct and proximate result of the Defendant's breach of the contracts and breach of the duty of good faith and fair dealing.

## Count III – Breach of Fiduciary Duties and Negligence

34. The Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

35. The Defendant has an affirmative duty to account for and pay to the Plaintiffs the true and correct royalty due to them by virtue of the fiduciary duty and responsibility of an oil and gas lessee who is responsible for the production, marketing and sales of natural gas, oil, casinghead gas and/or by-products.

36. Defendants negligently, carelessly, and wrongfully violated the fiduciary duties owed to the Plaintiffs and, as a direct and proximate result, the Plaintiffs have incurred damages.

37. The acts and/or omissions of the Defendant, as identified herein, were intentional, malicious, willful, wanton, reckless and wrongful, and in the reckless disregard for the Plaintiffs' property rights, and these acts are such that Plaintiffs are justified in having and award of punitive damages made against the Defendant in order to deter it from like conduct in the future.

## Count IV – Fraud and Constructive Fraud

38. The Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

39. The Defendant intentionally and knowingly concealed material information related to (i) volumes produced, (ii) the value of the gas, oil, casinghead gas and/or by-products, and (iii) other information, including the deductions of costs and other items form the royalty income to which the Plaintiffs were entitled.

40. Plaintiffs relied on the truthfulness of the information received from the Defendant in ascertaining the amount of royalty income due.

41. Plaintiffs requested additional information and proper accountings from the Defendant but the Defendant did not provide the same.

42. Plaintiffs were directly, proximately and foreseeably damaged by the Defendant's misconduct as described above in that they were denied royalty income under the terms of the contract and as required by law.

43. The Defendant's acts were willful, wanton and in utter disregard of the Plaintiffs' rights.

44. The acts and/or omissions of the Defendants, as identified herein, were intentional, malicious, willful, wanton, reckless, and done with the intent to injure the Plaintiffs,

and these acts are such that the Plaintiffs are justified in having an award of punitive damages made against the Defendant in order to deter them from like conduct in the future,

**WHEREFORE,** the Plaintiffs pray for judgment against the Defendant as follows: (i) compensatory, incidental, and punitive damages in an amount to be determined by the trier of fact according to the laws of the State of West Virginia, with additional amounts for costs, attorneys' fees and pre-judgment and post-judgment interest; (ii) equitable and injunctive relief to provide the Plaintiffs with a full and complete accounting for all Defendant's operations and production of gas, oil and by-products marketed and sold by the Defendant, and any and all other information relevant to a proper calculation of royalty income under the contract; and, (iii) such other relief as the Court may deem just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

**ARNOLD K. RICHARDS** and
**MARY L. RICHARDS, his wife,**
**Plaintiffs,**
**By Counsel.**

**RODNEY C. WINDOM**
W.Va. State Bar #4091
**SCOTT A. WINDOM**
W.Va. State Bar #7812
**Windom Law Offices, PLLC**
101 East Main Street
Harrisville, West Virginia 26362
Telephone No. (304) 643-4440
Facsimile No. (304) 643-2947
rwindom@windomlawoffices.com
swindom@windomalwoffices.com

## IN THE CIRCUIT COURT OF RITCHIE COUNTY, WEST VIRGINIA

**ARNOLD K. RICHARDS and**
**MARY L. RICHARDS, his wife,**

      **Plaintiffs,**

**v.**

**EQT PRODUCTION COMPANY,**
**A Pennsylvania Corporation,**

      **Defendants.**

Civil Action No.: 17-C-___**8**___
Judge: Timothy L. Sweeney

### PLAINTIFFS' FIRST SET OF
### COMBINED DISCOVERY REQUESTS TO DEFENDANT

Pursuant to Rule 33, 34 and 36 of the West Virginia Rules of Civil Procedure, the Plaintiffs request that Defendant answer the following interrogatories and requests for admission, separately and fully, in writing and under oath, and produce all documents in your care, custody, or control in response to the following requests for production of documents, and serve the answers and responsive documents on the undersigned on or before forty-five (45) days from service hereof.

### Interrogatories

1.     From the period January 1, 2007 to the present, for the Plaintiff's royalty interest in oil or gas derived from ownership of oil and gas rights to the properties that are the subject of this litigation, and to which Defendants have a duty to pay royalties for said oil, gas, casinghead gas and/or by-products, state the following:

      a.     The name and location of the property, leases, and wells to which the Plaintiffs are entitled to royalty;

      b.     The period which the Plaintiff/Lessor received royalties and the amounts thereof for each pay period;

c.    The name of the person, firm and/or corporation to whom Defendant sold the natural gas, oil, casinghead gas and/or by-products from said wells and state whether Defendants have any ownership interest directly or indirectly in said purchasers of the natural gas, oil, casinghead gas and/or by-products;

d.    The amount and date of each deduction from the royalty due to the Plaintiffs and the basis for each deduction, including an explanation as to the contractual or other reasons Defendants deducted any sum from the royalty, and state the manner in which each deduction was calculated at the time the deduction was applied to each payment;

e.    For each payment to the Plaintiff/Lessor and for each pay period, state the following:

   (i)    The sale price of the natural gas, oil, casinghead gas and/or by-products received by Defendant for each of the pay periods, and the name and address of the person, firm or corporation to whom the gas and/or oil was sold;

   (ii)   State whether the natural gas, oil, casinghead gas and/or by-products was assigned for resale to any other person, firm or corporation and, if so, state the name and address of the assignee, the amount Defendant received for the assignment, and state whether Defendant has an ownership interest in said assignee;

   (iii)  State whether Defendant determined the market value of the natural gas, oil, casinghead gas and/or by-products for plaintiffs for each pay period and, if so, state the market value of the natural gas, oil, casinghead gas and/or by-products for plaintiffs for each pay period, and the basis for the amount Defendant established as the market

2

value;

(iv)    State whether Defendant paid Plaintiffs the market value established or described in (iii) above. If not, explain why; and,

(v)    State whether Defendant determined the price Defendant paid Plaintiffs for each pay period based upon the amount natural gas, oil, casinghead gas and/or by-products was selling for at the time it was transported from the wellhead or whether Defendants determined the price at some later time. If Defendants determined the price at a later time, state for each pay period the date on which the price, either actual or fair market value, was based.

f.    For each payment to the Plaintiff/Lessor identified above and for each pay period, state the following:

(i)    The amount of money or benefit Defendant, or any person, firm or corporation which Defendant owns any part of, received from the sale of by-products of the processing of the natural gas and/or oil produced from each property;

(ii)    The identity of the person, firm or corporation who processed the natural gas and/or oil;

(iii)    The amount received for any byproducts of the processing of the natural gas and/or oil and explain any formula or other means of determining the benefits or money Defendant received for the by-product;

(iv)    Identify all products that were removed from the natural gas and/or

3

oil prior to the natural gas and/or oil entering the pipeline or other point of sale;

(v)    Identify by geographical location and maps all processing points for natural gas, oil, casinghead gas and/or by-products produced from said properties;

(vi)    Whether you paid the Plaintiffs/Lessors any money derived from the sale of the above by-products.

ANSWER:


2.    Identify the person answering these Interrogatories and state the authority by which said person purports to answer same. In so doing, identify each and every person contacted or interviewed regarding said answers with respect to each such person supplying information for preparation of the answers to these Interrogatories.

ANSWER:


3.    State the gross amount of revenues received by Defendant on a monthly basis for transportation, gathering and processing fees and charges or any other charges to the Plaintiffs/Lessors from January 1. 2007, to the present; the number and identity by name and address of each other Lessor who was charged for these horizontal units; and list the date and occasions that each Lessor was charged and identify specifically what each Lessor was charged for and why.

ANSWER:

4.      State the authority upon which you rely, whether it is statutory, contractual, or otherwise, that allows Defendant to assess gathering, transportation and processing fees and charges of any kind, or any other charges, to the Plaintiffs/Lessors and which charges were deducted from royalty payments to Plaintiffs/Lessors.

ANSWER:


5.      State and explain in detail the exact method used to determine the amount that Plaintiffs/Lessors were charged for gathering, transportation and processing fees and charges of any kind, or any other charges, which were deducted from royalty payments to the Plaintiffs/Lessors identified above since January 1, 2007.

ANSWER:


6.      Identify the persons, group or committee that authorized the charges for gathering, transportation and processing fees and charges or any other charges deducted from royalty payments to the Plaintiffs/Lessors, and describe the origin of such charges since January 1, 2007.

ANSWER:


7.      Identify the persons most knowledgeable regarding the imposition of gathering, transportation and processing fees and charges or any other charges deducted from royalty payments to Plaintiffs/Lessors since January 1, 2007.

ANSWER:


5

8.     State the gross and net amount of revenue generated on a monthly basis from imposition of gathering, transportation and processing fees and charges or any other charges deducted from royalty payments to Plaintiffs/Lessors since January 1, 2007.

ANSWER:

9.     State the amount of depreciation taken on an annual basis since January 1, 2007, for all infrastructure which was used to transport natural gas and/or oil for gathering and transportation within the State of West Virginia for which Defendant imposed a gathering, transportation and processing fee or charge of any kind, or any other charges, to Plaintiffs/Lessors.

ANSWER:

10.     Identify the name and address of any consultant or person at any affiliated company from whom you have sought or received advice or guidance with respect to gathering, transportation and processing fees and charges or any other charges to Plaintiffs/Lessors since January 1, 2007.

ANSWER:

11.     State EQT's actual net cost and the manner or formula used to determine such net cost to transport and gather gas and/or oil from the wellhead to gathering or collection points for subsequent distribution and/or sale to purchasers from each well of any Plaintiff/Lessor.

ANSWER:

12. State the volume of gas produced under EQT's oil and gas leases with Plaintiffs/Lessors for each year, beginning January 1, 2007.

ANSWER:

13. State the name, address and current telephone number of each person who has or is believed to have knowledge of any facts, events, and circumstances relating to the allegations contained in plaintiffs' Complaint and/or who has knowledge of any relevant facts or other discoverable information relevant to or pertaining to the subject matter of this civil action.

ANSWER:

14. For the period January 1, 2007 to the present, provide the following information:

    a.    The location of the metering device or devices utilized for each well;

    b.    The name of the person or persons who made the decision to utilize that type of meter;

    c.    The name of the person or persons who had the responsibility to read, interpret, calculate and/or integrate the charts from said meters for purposes of determining the production from each well and the amount paid for the gas and/or oil production to Plaintiffs/Lessors;

    d.    The person or persons who had the responsibility to read each meter, maintain each meter, remove the charts, and record any and all logs and records with respect to each chart and meter;

    e.    Whether the meter was ever turned off and when; and,

    f.    Whether there were independent entities hired to provide readings from the

7

charts for production figures.

ANSWER:


## Requests for Admission

**REQUEST NO. 1**: Please admit that EQT based the Plaintiffs' royalty on the "net price" paid to EQT.


_____ ADMIT            _____ DENY


If your answer to the foregoing request for admission was anything other than a complete admission, state the factual basis for your denial.

**REQUEST NO. 2**: Please admit that EQT deducted "owner deducts" from the Plaintiffs' royalty in the amount of $4,847.27 for part of November, 2016, production, as more particularly set forth in EQT's check number 1772775.


_____ ADMIT            _____ DENY


If your answer to the foregoing request for admission was anything other than a complete admission, state the factual basis for your denial.

**REQUEST NO. 3**: Please admit that EQT deducted "owner deducts" from the Plaintiffs' royalty in the amount of $8,088.69 for part of November and December, 2016, production, as more particularly set forth in EQT's check number 17800225.


_____ ADMIT            _____ DENY


If your answer to the foregoing request for admission was anything other than a complete admission, state the factual basis for your denial.

8

## Requests for Production of Documents

1.   For the Plaintiffs, produce the following since January 1, 2007:

    a.   All documents, including leases, assignments and letters of any nature and kind which document the ownership of each royalty interest and which explains or describes the ownership or rights to the royalty interest income, the amount of the royalty interest income, and the means and method of calculating the royalty interest income to which each is entitled and which Defendants are required to pay;

    b.   All documents which identify the oil and gas wells for each person, firm or corporation to whom the royalty interest applies, and for each well produce the following documents:

       (i)   The total oil and gas production;

       (ii)   The name and address of each purchaser of gas, oil, casinghead gas and/or by-products and the price paid to Defendant for all gas, oil, casinghead gas and/or by-products from each well by unit and in total;

       (iii)   All of the deductions from royalty interest income and documents that explain the method of calculating the deductions; and,

       (iv)   All memos, letters and documents sent to the Plaintiffs/Lessors explaining the royalty interest income payments and each deduction, if any, from each royalty interest income payment due.

    c.   Produce all letters, notes, minutes of meetings, including minutes of Boards

9

of Directors and officers of EQT where the EQT or any of its agents, servants and employees discussed, determined and/or concluded the manner and method of determining, calculating and disclosing:

(i)     what deductions will be taken from the income due the Plaintiffs/Lessors;

(ii)    the market value of gas and/or oil produced by the wells at issue;

(iii)   the amount to pay to Plaintiffs/Lessor;

(iv)    the manner of calculating market value or sale price of the gas, oil, casinghead gas and/or by-products, and/or the amount to pay to the royalty interest owners or lessors of the oil and gas.

d.    Produce all agreements and documents which identify the purchaser of the gas, oil, casinghead gas and/or by-products from Defendant for the Plaintiffs and which identifies the amount paid for each unit of oil and/or gas;

e.    Produce all documents which describe and/or document your answer to Interrogatory No. 1, or were used or referred to by in answering Interrogatory No. 1, including all sales agreements for the purchase of oil, gas, or production byproducts from any well in which any Plaintiffs/Lessors have a royalty interest in.

RESPONSE:

2.    Produce the lease file for each lease under which the Plaintiffs/Lessors are entitled to royalty from EQT or any affiliated company.

10

RESPONSE:

      3.      Produce all documents that relate, evidence, or refer to amendments or modifications to the oil and gas leases and/or assignments referred to in Request No. 2, above.

RESPONSE:

      4.      Produce all documents that relate, evidence, or refer to spot market sales agreements and contracts between EQT (and/or affiliated companies), and the purchasers of gas, oil, casinghead gas and/or by-products produced from the subject oil and gas leases and/or assignments.

RESPONSE:

      5.      Produce all contracts for the sale of gas, oil, casinghead gas and/or by-products produced from the subject leases.

RESPONSE:

      6.      Produce all settlement checks and ledger accounts from all purchasers of gas, oil, casinghead gas and/or by-products produced from the subject leases.

RESPONSE:

      7.      Produce all documents that relate, evidence, or refer to line loss or shrinkage relative to the subject oil and gas leases.

RESPONSE:

8.     Produce all documents that relate, evidence, or refer to gathering, transportation and processing fees or any other charges for the subject oil and gas leases.

RESPONSE:

9.     Produce all documents that relate, evidence, or refer to any processing fee or cost for the subject oil and gas leases.

RESPONSE:

10.    Produce all documents that relate, evidence, or refer to production volume records for the subject oil and gas leases.

RESPONSE:

11.    Produce an accurate map of the EQT (or affiliated companies) gathering and/or transportation system that transports gas, oil, casinghead gas or by-products from the subject leases.

RESPONSE:

12.    Produce all documents that relate, evidence, or refer to any study, analysis, evaluation, decision or recommendation made internally or by an outside consultant with respect to any charge for and collection of transportation, gathering and processing fees or any other charges assessed on the royalty interest income of the Plaintiffs/Lessors pursuant to the subject leases.

RESPONSE:

12

13.     Produce all documents that relate, evidence, or refer to, including notes, memoranda or minutes of any meeting, including Board of Director Meetings, Executive Committee meetings, management meetings or other meetings, charges or fees for transportation, gathering and/or processing of gas, oil, casinghead gas and/or by-products from the subject leases.

RESPONSE:


14.     Produce all documents that relate, evidence, or refer to the manner in which Defendants determined the amount to charge for transportation, gathering and processing fees or any other charges assessed on the royalty interest income of the Plaintiffs/Lessors pursuant to the subject leases.

RESPONSE:


14.     Produce all documents that relate, evidence or refer to any internal or external audit that has been performed with respect to charges for gathering, transportation and/or processing fees or any other charges assessed on the royalty interest income of the Plaintiffs/Lessors pursuant to the subject leases.

RESPONSE:


15.     Produce all documents that refer, evidence, or relate to the amount of gathering, transportation and processing fees or charges or any other charges assessed on the royalty interest income of the Plaintiffs/Lessors pursuant to the subject leases.

RESPONSE:


13

16.    Produce all documents that relate, evidence, or refer to communications regarding any charges or costs assessed on the royalty interest income of the Plaintiffs/Lessors pursuant to the subject leases.

RESPONSE:


17.    Produce all documents that relate, evidence, or refer to any communications with competitors or other entities associated with the oil and gas industry relative to imposition of gathering, transportation and processing fees and charges or any other charges to oil and gas lessors.

RESPONSE:


18.    Produce all documents that relate, evidence, or refer to any meetings with competitors or other entities associated with the oil and gas industry wherein imposition of gathering, transportation and processing fees and charges were discussed from January 1, 2007 to present.

 RESPONSE:


19.    Produce all documents reviewed, referred, to or relied upon in order to answer the Interrogatories served herewith.

RESPONSE:


14

ARNOLD K. RICHARDS and
MARY L. RICHARDS, his wife,
            Plaintiffs,
By Counsel


SCOTT A. WINDOM, ESQ.
State Bar ID #7812
**Windom Law Offices, PLLC**
101 East Main St.
Harrisville, WV  26362
Ph. # (304) 643-4440
Fax # (304) 643-2947
swindom@windomlawoffices.com
**COUNSEL FOR PLAINTIFFS**

15

## IN THE CIRCUIT COURT OF RITCHIE COUNTY, WEST VIRGINIA

**ARNOLD K. RICHARDS and**
**MARY L. RICHARDS, his wife,**

      **Plaintiffs,**

v.

                                    Civil Action No.: 17-C-
                                      Judge: Timothy L. Sweeney

**EQT PRODUCTION COMPANY,**
**A Pennsylvania Corporation,**

      **Defendants.**

*[Filing stamp: JESSE ELLEN COX, CLERK CIRCUIT COURT, RITCHIE COUNTY, WV — 2017 FEB 27 P 2:01 — FILED]*

### CERTIFICATE OF SERVICE

      The undersigned counsel for the Plaintiffs hereby certifies that a true copy of the foregoing *Plaintiffs' First Set of Combined Discovery Requests to Defendant* was served upon the Defendant, along with the Complaint herein, through the West Virginia Secretary of State on the 27th day of February, 2017.

                                     *[signature]*
                                     **SCOTT A. WINDOM**
                                     W. Va. State Bar No. 7812
                                     **Windom Law Offices, PLLC**
                                     101 East Main Street
                                     Harrisville, West Virginia  26362
                                     Phone (304) 643-4440
                                     Fax: (304) 643-2947
                                     swindom@windomlawoffices.com
                                     **COUNSEL FOR THE PLAINTIFFS**