## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ARNOLD K. RICHARDS and
MARY L. RICHARDS,

       Plaintiffs,

v.                                          Civil Action No.  1:17-cv-50
                                                    (Hon. Irene M. Keeley)

EQT PRODUCTION COMPANY,

       Defendant.

### EQT PRODUCTION COMPANY'S ANSWER AND AFFIRMATIVE
### AND OTHER DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant EQT Production Company ("EQT Production" or "this Defendant"), by counsel, denies that Plaintiffs are entitled to the relief requested in the introductory paragraph contained in the Complaint and further submits the following answers and affirmative and other defenses to the Complaint filed in the above-captioned action:

### PARTIES

1.     EQT Production admits, upon information and belief, the allegations contained in Paragraph 1 of the Complaint.

2.     EQT Production admits the allegations contained in Paragraph 2 of the Complaint.

3.     For its response to Paragraph 3 of the Complaint, EQT Production admits that it has an office located at 115 Professional Place, Bridgeport, West Virginia, 26330.  EQT Production denies the remaining allegations contained in this Paragraph.

4.     EQT Production admits the allegations contained in Paragraph 4 of the Complaint.

### JURISDICTION AND VENUE

5.     For its response to Paragraph 5 of the Complaint, EQT Production admits, upon information and belief, that venue and jurisdiction are appropriate in the U.S. District Court for the

Northern District of West Virginia for the reasons stated in this Paragraph of the Complaint and in the Notice of Removal previously filed with this Court.

## GENERAL ALLEGATIONS

6. For its response to Paragraph 6 of the Complaint, EQT Production admits, upon information and belief, that Plaintiffs are the partial owners of the oil and natural gas mineral interest within and underlying the lots, tracts or parcels of real estate identified in the Complaint.

7. EQT Production admits, upon information and belief, the allegations contained in Paragraph 7 of the Complaint.

8. For its response to Paragraph 8 of the Complaint, EQT Production admits that, by Amendment and Ratification of Oil and Gas Lease dated September 17, 2014, of record in the office of the Clerk of the County Commission of Ritchie County, West Virginia in Lease Book 277 at page 949, the Plaintiffs and EQT Production entered into an agreement to modify the existing 74 acre, more or less, lease to allow for pooling and unitization in order to develop the oil and natural gas from the Marcellus Shale within and underlying the subject acreage. EQT Production denies the remaining allegations contained in this Paragraph.

9. EQT Production admits, upon information and belief, the allegations contained in Paragraph 9 of the Complaint.

10. For its response to Paragraph 10 of the Complaint, EQT Production admits that, by Amendment and Ratification of Oil and Gas Lease dated September 17, 2014, of record in the office of the Clerk of the County Commission of Ritchie County, West Virginia in Lease Book 277 at page 973, the Plaintiffs and EQT Production entered into an agreement to modify the existing 92 acre, more or less, lease to allow for pooling and unitization in order to develop the oil and natural gas from the

Marcellus Shale within and underlying the subject acreage. EQT Production denies the remaining allegations contained in this Paragraph.

11. EQT Production admits, upon information and belief, the allegations contained in Paragraph 11 of the Complaint.

12. For its response to Paragraph 12 of the Complaint, EQT Production admits that, by Amendment and Ratification of Oil and Gas Lease dated September 17, 2014, of record in the office of the Clerk of the County Commission of Ritchie County, West Virginia in Lease Book 277 at page 976, the Plaintiffs and EQT Production entered into an agreement to modify the existing 92 acre, more or less, lease to allow for pooling and unitization in order to develop the oil and natural gas from the Marcellus Shale within and underlying the subject acreage. EQT Production denies the remaining allegations contained in this Paragraph.

13. For its response to Paragraph 13 of the Complaint, EQT Production admits, upon information and belief, that Plaintiffs, among others, are successors in interest to the various lessors in the original oil and gas leases that are identified in the Complaint.

14. EQT Production admits the allegations contained in Paragraph 14 of the Complaint.

15. For its response to Paragraph 15 of the Complaint, EQT Production admits that the leases identified in the Complaint include the language quoted in this Paragraph and further states that the terms of the leases speak for themselves and are the best evidence of the terms contained therein.

16. For its response to Paragraph 16 of the Complaint, EQT Production admits that the leases identified in the Complaint include the language quoted in this Paragraph and further states that the terms of the leases speak for themselves and are the best evidence of the terms contained therein.

17. For its response to Paragraph 17 of the Complaint, EQT Production admits that it operates and produces vertical wells on the subject leasehold estates. EQT Production denies the remaining allegations contained in this Paragraph.

18. EQT Production admits the allegations contained in Paragraph 18 of the Complaint.

19. For its response to Paragraph 19 of the Complaint, EQT Production admits that the wells identified produce oil and/or natural gas from one or more of the leasehold estates described in the Complaint. EQT Production denies the remaining allegations contained in this Paragraph.

20. The allegations contained in Paragraph 20 of the Complaint call for a legal conclusion, therefore, no response is required by EQT Production. To the extent a response is required, EQT Production denies that it has failed to pay to Plaintiffs the royalty owed to them or that it breached any duty owed to Plaintiffs.

21. EQT Production denies the allegations contained in Paragraph 21 of the Complaint.

22. EQT Production denies the allegations contained in Paragraph 22 of the Complaint.

23. EQT Production denies the allegations contained in Paragraph 23 of the Complaint.

24. EQT Production denies the allegations contained in Paragraph 24 of the Complaint.

### Count I – Failure to Properly Account for Royalties

25. EQT Production incorporates and realleges by reference its answers contained in the preceding Paragraphs as though each were fully set forth herein.

26. The allegations contained in Paragraph 26 of the Complaint call for a legal conclusion, therefore, no response is required by EQT Production. To the extent a response is required, EQT Production denies that it has failed to pay to Plaintiffs the royalty owed to them or that it breached any duty owed to Plaintiffs.

27. EQT Production denies the allegations contained in Paragraph 27 of the Complaint and denies that it owes any fiduciary duty to Plaintiffs.

28. EQT Production denies the allegations contained in Paragraph 28 of the Complaint.

### Count II – Breach of Contract – Underpayment of Royalties

29. EQT Production incorporates and realleges by reference its answers contained in the preceding Paragraphs as though each were fully set forth herein.

30. The allegations contained in Paragraph 30 of the Complaint call for a legal conclusion, therefore, no response is required by EQT Production.  To the extent a response is required, EQT Production denies that it has failed to pay to Plaintiffs the royalty owed to them or that it breached any duty owed to Plaintiffs.

31. EQT Production denies the allegations contained in Paragraph 31 of the Complaint.

32. EQT Production denies the allegations contained in Paragraph 32 of the Complaint.

33. EQT Production denies the allegations contained in Paragraph 33 of the Complaint.

### Count III – Breach of Fiduciary Duties and Negligence

34. EQT Production incorporates and realleges by reference its answers contained in the preceding Paragraphs as though each were fully set forth herein.

35. EQT Production has moved to dismiss Count III of the Complaint.  Without waiving its Motion, EQT Production states that the allegations contained in Paragraph 35 of the Complaint call for a legal conclusion, therefore, no response is required by EQT Production.  To the extent a response is required, EQT Production denies that it has failed to pay to Plaintiffs the royalty owed to them or that it breached any duty owed to Plaintiffs.

36. EQT Production has moved to dismiss Count III of the Complaint.  Without waiving its Motion, EQT Production denies the allegations contained in Paragraph 36 of the Complaint.

37. EQT Production has moved to dismiss Count III of the Complaint. Without waiving its Motion, EQT Production denies the allegations contained in Paragraph 37 of the Complaint.

## Count IV – Fraud and Constructive Fraud

38. EQT Production incorporates and realleges by reference its answers contained in the preceding Paragraphs as though each were fully set forth herein.

39. EQT Production denies the allegations contained in Paragraph 39 of the Complaint.

40. EQT Production is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint but denies that it failed to provide an honest accounting or lawful payment to Plaintiffs of royalty owed to them.

41. EQT Production denies the allegations contained in Paragraph 41 of the Complaint.

42. EQT Production denies the allegations contained in Paragraph 42 of the Complaint.

43. EQT Production denies the allegations contained in Paragraph 43 of the Complaint.

44. EQT Production denies the allegations contained in Paragraph 42 of the Complaint.

45. EQT Production denies that Plaintiffs are entitled to the relief requested in the Complaint.

46. EQT Production denies each and every allegation contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Having responded to the Complaint, Defendant EQT Production Company ("EQT Production" or "this Defendant") asserts the following affirmative defenses:

1. The Complaint fails to state a claim upon which relief may be granted against this Defendant.

2. To the extent discovery reveals the same, this Defendant reserves the defenses set forth in Rule 8(c) of the Rules of Civil Procedure including:

       a.    accord and satisfaction;

       b.    estoppel;

       c.    laches;

       d.    payment;

       e.    release;

       f.    statute of limitations;

       g.    waiver; and

       h.    any other matter constituting an avoidance or affirmative defense.

3.    To the extent discovery and facts warrant, this Defendant reserves the defenses of improper venue, insufficiency of process, lack of jurisdiction and any other applicable defenses under the Rules of Civil Procedure.

4.    To the extent discovery and facts warrant, this Defendant reserves the defenses of ratification, course of performance, course of dealings, and custom and usage.

5.    Defendant did not commit any act or omission which was a proximate cause of the claimed damages of Plaintiffs.

6.    Defendant has paid royalties as required by the terms of the applicable leases.

7.    Defendant owed no fiduciary duty to Plaintiffs.

8.    To the extent discovery and facts warrant, this Defendant reserves all affirmative defenses set forth in Rule 12(b) of the Rules of Civil Procedure.

9.    This Defendant affirmatively pleads the defense of accord and satisfaction.

10.    This Defendant did not commit any act or omission which was a proximate cause of the claimed injuries or damages of Plaintiffs.

11.    This Defendant denies that it breached any duty owed to Plaintiffs.

12. If this Defendant breached any duty owed to Plaintiffs, which is expressly denied, such breach was not the proximate or contributing cause of the injuries and damages alleged by Plaintiffs.

13. To the extent the Complaint references certain documents and records, said documents and records speak on their own merits and are the best evidence of the terms contained therein.

14. This Defendant relies upon the language set forth in the applicable leases and/or deeds of title, lease modifications, and release agreements between the parties.

15. This Defendant denies that Plaintiffs are entitled to any interest on monies properly held in suspense as a result of the conflict between them.

16. This Defendant denies that it engaged in any intentional, malicious, willful, wanton, reckless, or fraudulent conduct or that it engaged in any conduct with the intent to injure Plaintiffs.

17. The amount of punitive damages (if any) is a question of law and not a fact question for a jury; accordingly, Plaintiffs' request for a jury trial on that issue is due to be stricken or, in the alternative, the jury verdict is not entitled to any weight or deference whatsoever pursuant to *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001).

18. Plaintiffs are not entitled to punitive damages from this Defendant because they failed to allege sufficient facts to show any conscious disregard for Plaintiffs or any willful, wanton or malicious act or omission on the part of this Defendant.

19. Plaintiffs' claim for punitive damages as applied in this case violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution to the extent it exceeds the

standards and limitations set forth in *State Farm Mut. Auto. Inc. Co. v. Campbell*, 123 S.Ct. 1513 (2003).

20. Plaintiffs' claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, jointly and separately, of the Constitution of the United States and in analogous provision of the West Virginia Constitution in that:

   a. It seeks an award of punitive damages that is vastly disproportionate to any actual harm and thus exceeds the standards of substantive and procedural due process under the Eighth and Fourteenth Amendments of the U.S. Constitution;

   b. It seeks a disproportionate award of punitive damages that constitutes an arbitrary and capricious taking of property which is unjustified by any legitimate governmental interest, thereby violating the Fifth and Fourteenth Amendments of the U.S. Constitution;

   c. It seeks an award of punitive damages without sufficient substantive and procedural standards to guide the jury's discretion in determining both the liability and amount of punitive damages to be awarded thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution;

   d. It seeks punitive damages under substantive standards of liability that are vague, ambiguous, subjective and not reasonably ascertainable thus it is "void for vagueness" under the Fourteenth Amendments of the U.S. Constitution;

   e. It seeks punitive damages for conduct by the Defendant which complied with all applicable statutory, regulatory and/or administrative rules and regulations thus failing to furnish fair notice of punishable conduct and violating the Due Process and Equal Protection Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution;

   f. It seeks punitive damages upon a standard of proof less than that required for the imposition of criminal sanctions thus violating procedural due process under the Fifth Amendment of the U.S. Constitution;

   g. It seeks punitive damages based, in whole or part, upon improper character evidence consisting of other alleged misconduct that is dissimilar and/or immaterial to the conduct that harmed the Plaintiffs thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution;

   h. It seeks punitive damages based, in whole or part, upon the financial status of the Defendant thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution and the Equal Protection Clause of the Fourteenth Amendment;

    i.       It seeks punitive damages based, in whole or part, upon hypothetical evidence of other similar claims thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution;

    j.       The applicable state law does not provide fair notice of the conduct that will subject the Defendant to punishment; nor a reasonable limitation on the degree of punishment; nor fair notice of the severity of punishment for the alleged misconduct thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution;

    k.       The Plaintiffs' claim improperly seeks to justify an award of punitive damages based on a profit-removal theory that is based on the removal of each dollar of profit made by the defendant from other alleged similar acts of misconduct thus violating the Due Process and Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution;

    l.       The applicable state law fails to provide a clear, objective and consistent appellate standard for post-verdict review of punitive damages thus violating the Fifth and Fourteenth Amendments of the United States Constitution; and,

    m.      An allowance of punitive damages in this case would violate the commerce clause of the United States Constitution.

21.    The claim for punitive damages is barred because under the common law and public policies of the State of West Virginia an award of punitive damages by a jury would be improper where the jury: a) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damage award; b) is not adequately instructed on the limits of punitive damages imposed by the applicable principals of deterrence and punishment; c) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth and status of Defendant; d) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; e) is not properly instructed regarding Plaintiffs' burden of proof with respect to

10

each and every element of a claim for punitive damages and is inconsistent with the law announced in *Mayer v. Frobe*, 40 W. Va. 246, 22 S.E. 58 (1895) and *Perrine v. E.I. du Pont de Nemours and Co.*, 225 W. Va. 482, 694 S.E.2d 815 (2010).

22. The claim for punitive damages is barred because the laws of the State of West Virginia and the laws of the United States regarding the standards for determining liability for and the amount of punitive damages failed to give this Defendant prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty which may be imposed and are void for vagueness in violation of this Defendant's due process rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

23. This Defendant reserves the right to amend its Answer and defenses if investigation, discovery and further information should warrant such amendment, and, further, to assert any applicable matters of law during the pendency of this action.

**WHEREFORE**, Defendant, EQT Production Company demands that the Complaint be dismissed and that it recover its costs incurred in connection therewith, including reasonable attorneys' fees.

**THIS DEFENDANT REQUESTS A TRIAL BY JURY.**

EQT PRODUCTION COMPANY,
By Counsel.

*/s/  David K. Hendrickson            04/10/2017*
David K. Hendrickson, Esquire (#1678)
Carl L. Fletcher, Esquire (#1225)
214 Capitol Street (zip 25301)
P.O. Box 11070
Charleston, West Virginia 25339
(304) 346-5500
(304) 346-5515 (facsimile)
daveh@handl.com
cfletcher@handl.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ARNOLD K. RICHARDS and**
**MARY L. RICHARDS,**

      **Plaintiffs,**

v.                                                    **Civil Action No. 1:17-cv-50**
                                                      **(Hon. Irene M. Keeley)**

**EQT PRODUCTION COMPANY,**

      **Defendant.**

## CERTIFICATE OF SERVICE

I, David K. Hendrickson, counsel for defendant, do hereby certify that on the **10th day of April, 2017**, I have served a true and accurate copy of the foregoing **"EQT PRODUCTION COMPANY'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFFS' COMPLAINT"** using the Court's CM/ECF system, which will deliver an electronic copy to counsel of record as follows:

      Rodney C. Windom, Esquire
      Scott A. Windom, Esquire
      Windom Law Offices, PLLC
      101 East Main Street
      Harrisville, West Virginia 26362
      *Counsel for Plaintiffs*

      */s/ David K. Hendrickson*       04/10/2017
      David K. Hendrickson, Esquire (#1678)
      Carl L. Fletcher, Esquire (#1225)
      **HENDRICKSON & LONG, PLLC**
      214 Capitol Street (zip 25301)
      P.O. Box 11070
      Charleston, West Virginia 25339
      (304) 346-5500
      (304) 346-5515 (facsimile)
      daveh@handl.com
      cfletcher@handl.com