**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

ARNOLD K. RICHARDS and
MARY L. RICHARDS, his wife,

      Plaintiffs,

v.                                    CIVIL ACTION NO. 1:17cv50
                                          (Judge Keeley)

EQT PRODUCTION COMPANY,

      Defendant.

**CERTIFICATE OF SERVICE**

      I, David K. Hendrickson, counsel for defendant, do hereby certify that on the **4th day of August, 2017**, I have served a true and accurate copy of the foregoing **"EQT PRODUCTION COMPANY'S RESPONSES TO PLAINTIFFS' FIRST SET OF COMBINED DISCOVERY REQUESTS TO DEFENDANT"** upon counsel of record listed below, by placing the same in the United States mail, postage prepaid, addressed as follows:

        Rodney C. Windom, Esquire
        Scott A. Windom, Esquire
        Windom Law Offices, PLLC
        101 East Main Street
        Harrisville, West Virginia 26362
        *Counsel for Plaintiffs*

                                                */s/ David K. Hendrickson    08/04/2017*
                                                David K. Hendrickson, Esquire (#1678)
                                               Carl L. Fletcher, Esquire (#1225)
                                               **HENDRICKSON & LONG, PLLC**
                                               214 Capitol Street (zip 25301)
                                               P.O. Box 11070
                                               Charleston, West Virginia 25339
                                               (304) 346-5500
                                               (304) 346-5515 (facsimile)
                                               daveh@handl.com
                                               cfletcher@handl.com

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ARNOLD K. RICHARDS and
MARY L. RICHARDS, his wife,**

      **Plaintiffs,**

v.                                  **CIVIL ACTION NO. 1:17cv50**
                                        **(Hon. Irene M. Keeley)**

**EQT PRODUCTION COMPANY,**

      **Defendant.**

**EQT PRODUCTION COMPANY'S RESPONSES TO PLAINTIFFS'
FIRST SET OF COMBINED DISCOVERY REQUESTS TO DEFENDANT**

Now comes the defendant, EQT Production Company ("EPC"), by counsel, and for its responses to **"Plaintiffs' First Set of Combined Discovery Requests to Defendant"**, states as follows:

**Interrogatories**

1. From the period January 1, 2007 to the present, for the Plaintiff's royalty interest in oil or gas derived from ownership of oil and gas rights to the properties that are the subject of this litigation, and to which Defendants have a duty to pay royalties for said oil, gas, casinghead gas and/or by-products, state the following:

    a. The name and location of the property, leases, and wells to which the Plaintiffs are entitled to royalty;

    b. The period which the Plaintiff/Lessor received royalties and the amounts thereof for each pay period;

    c. The name of the person, firm and/or corporation to whom Defendant sold the natural gas, oil, casinghead gas and/or by-products from said wells and state whether Defendants have any ownership interest directly or

    indirectly in said purchasers of the natural gas, oil, casinghead gas and/or by-products;

d.   The amount and date of each deduction from the royalty due to the Plaintiffs and the basis for each deduction, including an explanation as to the contractual or other reasons Defendants deducted any sum from the royalty, and state the manner in which each deduction was calculated at the time the deduction was applied to each payment;

e.   For each payment to the Plaintiff/Lessor and for each pay period, state the following:

  (i)   The sale price of the natural gas, oil, casinghead gas and/or by-products received by Defendant for each of the pay periods, and the name and address of the person, firm or corporation to whom the gas and/or oil was sold;

  (ii)   State whether the natural gas, oil, casinghead gas and/or by-products was assigned for resale to any other person, firm or corporation and, if so, state the name and address of the assignee, the amount Defendant received for the assignment, and state whether Defendant has an ownership interest in said assignee;

  (iii)   State whether Defendant determined the market value of the natural gas, oil, casinghead gas and/or by-products for plaintiffs for each pay period and, if so, state the market value of the natural gas, oil, casinghead gas and/or by-products for plaintiffs for each pay period, and the basis for the amount Defendant established as the market value;

  (iv)   State whether Defendant paid Plaintiffs the market value established or described in (iii) above. If not, explain why; and,

  (v)   State whether Defendant determined the price Defendant paid Plaintiffs for each pay period based upon the amount natural gas, oil, casinghead gas and/or by-products was selling for at the time it was transported from the wellhead or whether Defendants determined the price at some later time. If Defendants determined the price at a later time, state for each pay period the date on which the price, either actual or fair market value, was based.

f.   For each payment to the Plaintiff/Lessor identified above and for each pay period, state the following:

  (i)   The amount of money or benefit Defendant, or any person, firm or corporation which Defendant owns any part of, received from the

           sale of by-products of the processing of the natural gas and/or oil produced from each property;

    (ii)    The identity of the person, firm or corporation who processed the natural gas and/or oil;

    (iii)    The amount received for any byproducts of the processing of the natural gas and/or oil and explain any formula or other means of determining the benefits or money Defendant received for the by-product;

    (iv)    Identify all products that were removed from the natural gas and/or oil prior to the natural gas and/or oil entering the pipeline or other point of sale;

    (v)    Identify by geographical location and maps all processing points for natural gas, oil, casinghead gas and/or by-products produced from said properties;

    (vi)    Whether you paid the Plaintiffs/Lessors any money derived from the sale of the above by-products.

**ANSWER:** Objection. Overly broad. This request seeks in information for properties or time periods beyond the scope of the complaint. Without waiving said objection and in an attempt to be responsive, EPC provides the following in response to this request:

    a.    The name and location of the property, leases, and wells to which the Plaintiffs are entitled to royalty;

EQT will produce any non-privileged information from the lease and well files which contains information responsive to this request. Additionally, EQT will produce as Exhibit A a spreadsheet with the royalty payment information which also has the lease and well information for which Plaintiffs receive a royalty.

    b.    The period which the Plaintiff/Lessor received royalties and the amounts thereof for each pay period;

See Exhibit A, which will be produced.

      c.        The name of the person, firm and/or corporation to whom Defendant sold the natural gas, oil, casinghead gas and/or by-products from said wells and state whether Defendants have any ownership interest directly or indirectly in said purchasers of the natural gas, oil, casinghead gas and/or by-products;

EQT Production Company sells the gas produced from the wells to EQT Energy, LLC. EQT Energy, LLC, is owned by 100% by EQT Gathering Holdings, LLC, which is owned 100% by EQT Production Company. All the entities operate as separate and distinct corporate entities.

      d.        The amount and date of each deduction from the royalty due to the Plaintiffs and the basis for each deduction, including an explanation as to the contractual or other reasons Defendants deducted any sum from the royalty, and state the manner in which each deduction was calculated at the time the deduction was applied to each payment;

EQT Production Company sells the gas to EQT Energy, LLC, at the wellhead prior to any processing. The market value that EQT Energy, LLC, pays EPC for the gas at the wellhead is determined by a pricing formula contained in a gas purchase agreement entered into on January 1, 2005. That agreement was re-negotiated in 2012, but utilized the same pricing formula. The gas purchase agreement pricing formula states that amount that EQT Energy, LLC, pays EQT Production shall be equal to the first of the month index price applicable to the interstate pipe lines into which the gas is delivered, less gathering-related charges, retainage, and any other agreed to charges.

EQT Production Company does not actually take deductions from the royalties due and paid to Plaintiffs. The royalty is based upon a price slightly more than the price EQT Energy, LLC, pays EQT Production Company for the gas because the value of depreciation, return on investment, and taxes is put back into the pricing formula set forth in the gas purchase agreements to determine the Plaintiffs' royalty.

Notwithstanding the above, the Exhibit A reflects the amount of the "deductions" used to calculate the sales price EQT Production Company receives for the sale of the gas after adding back in the value of the depreciation, return on investment, and taxes.

 e. For each payment to the Plaintiff/Lessor and for each pay period, state the following:

  (i) The sale price of the natural gas, oil, casinghead gas and/or by-products received by Defendant for each of the pay periods, and the name and address of the person, firm or corporation to whom the gas and/or oil was sold;

  (ii) State whether the natural gas, oil, casinghead gas and/or by-products was assigned for resale to any other person, firm or corporation and, if so, state the name and address of the assignee, the amount Defendant received for the assignment, and state whether Defendant has an ownership interest in said assignee;

  (iii) State whether Defendant determined the market value of the natural gas, oil, casinghead gas and/or by-products for plaintiffs for each pay period and, if so, state the market value of the natural gas, oil, casinghead gas and/or by-products for plaintiffs for each pay period, and the basis for the amount Defendant established as the market value;

  (iv) State whether Defendant paid Plaintiffs the market value established or described in (iii) above. If not, explain why; and,

  (v) State whether Defendant determined the price Defendant paid Plaintiffs for each pay period based upon the amount natural gas, oil, casinghead gas and/or by-products was selling for at the time it was transported from the wellhead or whether Defendants determined the price at some later time. If Defendants determined the price at a later time, state for each pay period the date on which the price, either actual or fair market value, was based.

See b. and d. above.

 f. For each payment to the Plaintiff/Lessor identified above and for each pay period, state the following:

  (i) The amount of money or benefit Defendant, or any person, firm or corporation which Defendant owns any part of, received from the

5

    sale of by-products of the processing of the natural gas and/or oil produced from each property;

(ii) The identity of the person, firm or corporation who processed the natural gas and/or oil;

(iii) The amount received for any byproducts of the processing of the natural gas and/or oil and explain any formula or other means of determining the benefits or money Defendant received for the by-product;

(iv) Identify all products that were removed from the natural gas and/or oil prior to the natural gas and/or oil entering the pipeline or other point of sale;

(v) Identify by geographical location and maps all processing points for natural gas, oil, casinghead gas and/or by-products produced from said properties;

(vi) Whether you paid the Plaintiffs/Lessors any money derived from the sale of the above by-products.

EQT Production Company sells the gas to EQT Energy, LLC, prior to processing at a price that reflects the thermal value of the gas. EQT Production Company pays a royalty based upon this price. EQT Production Company does not receive any money for separated byproducts and therefore does not pay a royalty for separated byproducts. Any oil produced is sold at the wellhead and EQT Production Company pays a royalty based upon the amount received.

  2. Identify the person answering these Interrogatories and state the authority by which said person purports to answer same. In so doing, identify each and every person contacted or interviewed regarding said answers with respect to each such person supplying information for preparation of the answers to these Interrogatories.

  **ANSWER:** EPC objects to providing information concerning any person or persons supplying information that was utilized in preparing the answers to these Interrogatories, because any such information is protected by the work-product doctrine. Moreover, the information is

6

irrelevant and not reasonably calculated to lead to admissible evidence. Without waiving said objection and in an attempt to be responsive EPC states that information for these responses was compiled by counsel for EPC, who gathered information from Kristy Toia, Director Revenue Accounting, EPC's Land Administration Department, including Kristie Rudick, and Chuck McCartney.

3. State the gross amount of revenues received by Defendant on a monthly basis for transportation, gathering and processing fees and charges or any other charges to the Plaintiffs/Lessors from January 1, 2007, to the present; the number and identity by name and address of each other Lessor who was charged for these horizontal units; and list the date and occasions that each Lessor was charged and identify specifically what each Lessor was charged for and why.

**ANSWER:** Objection. This Interrogatory seeks information related to leases and Lessors that are not parties to this litigation and is therefore overly broad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection and in an attempt to be responsive, see Answer to Interrogatory No. 1. Moreover, EPC does not receive any revenues on a monthly basis, or on any other basis, for transportation, gathering, and processing fees and charges, or any other charges, to Plaintiffs.

4. State the authority upon which you rely, whether it is statutory, contractual, or otherwise, that allows Defendant to assess gathering, transportation and <u>processing</u> fees and charges of any kind, or any other charges, to the Plaintiffs/Lessors and <u>which charges were deducted from royalty payments to Plaintiffs/Lessors</u>.

**ANSWER:** Objection. This interrogatory calls for a legal conclusion. Without waiving said objection and in an attempt to be responsive, see Answer to Interrogatory No. 1.

7

Moreover, EPC does not assess gathering, transportation, and processing fees and charges of any kind, or any other charges to the Plaintiffs in this action, and does not deduct charges from royalty payments to Plaintiffs. EQT relies upon the language in the leases at issue for the payment of a royalty based upon the market value of the gas.

    5.    State and explain in detail the exact method used to determine the amount that Plaintiffs/Lessors were charged for gathering, transportation and processing fees and charges of any kind, or any other charges, which were deducted from royalty payments to the Plaintiffs/Lessors identified above since January 1, 2007.

    **ANSWER:**    See Answer to Interrogatory No. 1. EPC does not assess gathering, transportation, and processing fees and charges of any kind, or any other charges to Plaintiffs and does not deduct charges from royalty payments to Plaintiffs. The royalty is based upon the market value of the gas and the deductions reflected on the remittance statements reflects the Plaintiffs are paid slightly more than a 1/8 royalty of the sales price of the gas produced from the wells on the lease property.

    Although EPC does not actually take deductions from Plaintiffs' royalties, the market price paid to EPC by EQT Energy, LLC, reflects a gathering deduction. The gathering rates are negotiated each year and agreed upon between the various EQT corporate entities for the next fiscal year. Upon information and belief, EQT Gathering, LLC records accounting information based upon its separate gathering systems. A separate gathering charge rate is calculated for each system. The royalty gathering deduct is composed of two components: (i) a gathering and compression cost component (O&M) and (ii) an allocated general and administrative cost component. The royalty gathering deduct does not include depreciation or return on investment. All planned operating costs (including field personnel, pipeline repairs and maintenance,

compressor repairs and maintenance, measurement, and property taxes) and general and administrative costs for the gathering system are divided by the planned total throughput on the system, which generates a dollars per MCF gathering rate. The calculated gathering royalty deduction is then forwarded to the EQT Production Revenue Accounting Department for input into the Enertia system. Thus, the gathering charges are a fixed rate, and are not a percentage of price.

6. Identify the persons, group or committee that authorized the charges for gathering, transportation and processing fees and charges or any other charges deducted from royalty payments to the Plaintiffs/Lessors, and describe the origin of such charges since January 1, 2007.

**ANSWER:** Objection. Overly broad. This request seeks in information for properties or time periods beyond the scope of the complaint. Without waiving said objection and in an attempt to be responsive, EPC states that the gas produced from the wells on the lease property involved in this action is sold to EQT Energy, LLC, at the wellhead at a market price determined and established by a gas sales contract which went into effect on January 1, 2005, and was re-negotiated in 2012 without change to the pricing formula. The gas sales contract itself was negotiated by various individuals employed by EPC and EQT Energy, LLC, with the ultimate approval of that contract given by Diane Prior, president of EPC at the time, and Fredrick Dalena, president of EQT Energy, LLC, at the time.

7. Identify the persons most knowledgeable regarding the imposition of gathering, transportation and processing fees and charges or any other charges deducted from royalty payments to Plaintiffs/Lessors since January 1, 2007.

**ANSWER:** Objection. Overly broad. This request seeks in information for properties or time periods beyond the scope of the complaint. Without waiving said objection and in an

9

given the issues at stake in the litigation, the cost of compliance, and the importance of the information and documents sought to resolution of the matters in controversy.  Without waiving the foregoing objection, EPC states that it does not impose gathering, transportation, or processing fees and charges on the royalty interest income of the Plaintiffs pursuant to the subject leases.

19.     Produce all documents reviewed, referred, to or relied upon in order to answer the Interrogatories served herewith.

**RESPONSE**:  EPC is producing the documents reviewed, referred to, or relied upon in order to answer the interrogatories served with these Requests for Production.

        **EQT PRODUCTION COMPANY,**

        **By Counsel.**

*/s/  David K. Hendrickson     08/04/2017*
David K. Hendrickson, Esquire (#1678)
Carl L. Fletcher, Esquire (#1225)
**HENDRICKSON & LONG, PLLC**
214 Capitol Street (zip 25301)
P.O. Box 11070
Charleston, West Virginia   25339
(304) 346-5500
(304) 346-5515 (facsimile)
daveh@handl.com
cfletcher@handl.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ARNOLD K. RICHARDS and
MARY L. RICHARDS, his wife,**

      **Plaintiffs,**

**v.**    **CIVIL ACTION NO. 1:17cv50**
                                                **(Judge Keeley)**

**EQT PRODUCTION COMPANY,**

      **Defendant.**

## CERTIFICATE OF SERVICE

      I, David K. Hendrickson, counsel for defendant, do hereby certify that on the **4th day of August, 2017**, I have served a true and accurate copy of the foregoing **"EQT PRODUCTION COMPANY'S RESPONSES TO PLAINTIFFS' FIRST SET OF COMBINED DISCOVERY REQUESTS TO DEFENDANT"** upon counsel of record listed below, by placing the same in the United States mail, postage prepaid, addressed as follows:

      Rodney C. Windom, Esquire
      Scott A. Windom, Esquire
      Windom Law Offices, PLLC
      101 East Main Street
      Harrisville, West Virginia  26362
      *Counsel for Plaintiffs*

                                            ***/s/ David K. Hendrickson    08/04/2017***
                                            David K. Hendrickson, Esquire (#1678)
                                            Carl L. Fletcher, Esquire (#1225)
                                            **HENDRICKSON & LONG, PLLC**
                                            214 Capitol Street (zip 25301)
                                            P.O. Box 11070
                                            Charleston, West Virginia   25339
                                            (304) 346-5500
                                            (304) 346-5515 (facsimile)
                                            daveh@handl.com
                                            cfletcher@handl.com

## VERIFICATION

STATE OF PENNSYLVANIA,

COUNTY OF ALLEGHENY, to wit:

I, KRISTY TOIA, after being first duly sworn, state that the facts and allegations set forth in the Responses to Interrogatories contained in **EQT PRODUCTION COMPANY'S RESPONSES TO PLAINTIFFS' FIRST SET OF COMBINED DISCOVERY REQUESTS TO DEFENDANT** are true, except as therein stated to be upon information and belief, and that as therein stated to be upon information and belief, I believe them to be true.

EQT PRODUCTION COMPANY,

By: _Kristy K Toia_

Its: DIRECTOR OF REVENUE ACCOUNTING

Taken, subscribed and sworn to before me this 7th day of August, 2017.

My commission expires MARCH 26, 2020.

**NOTARY SEAL**                                            NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
David J. Butter, Notary Public
Kennedy Twp., Allegheny County
My Commission Expires March 26, 2020
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES