```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ARNOLD K. RICHARDS and**
**MARY L. RICHARDS,**

      **Plaintiffs,**

**v.**                      **CIVIL ACTION NO. 1:17cv50**
                                 **(Judge Keeley)**

**EQT PRODUCTION COMPANY,**
**a Pennsylvania corporation,**

      **Defendant.**

## SECOND SCHEDULING ORDER

On June 12, 2018, the Court conducted a status conference with the parties. For the reasons set forth on the record and, pursuant to Fed. R. Civ. P. 16(b), Fed. R. Civ. P. 26(f), and the Local Rules of Civil Procedure, as amended on March 13, 2018, the Court **ORDERS** that the following table of dates and deadlines shall govern the further preparation of this case[1]:

| TABLE OF DATES AND DEADLINES ||
|---|---|
| JOINT PRETRIAL ORDER | August 27, 2018 |
| PROPOSED VOIR DIRE, JURY INSTRUCTIONS, VERDICT FORMS & SPECIAL INTERROGATORIES | August 27, 2018 |
| MOTIONS IN LIMINE | August 27, 2018 |
| RESPONSES TO MOTIONS IN LIMINE | September 4, 2018 |

---

[1] As noted in this Court's First Order and Notice Regarding Discovery and Scheduling, the report is considered advisory only. Accordingly, this Court adopts the proposed discovery plan of the parties only to the extent noted.

**Richards v. EQT Production Co.** 1:17cv50

**SCHEDULING ORDER**

| | |
|---|---|
| PLAINTIFF'S FINAL LIST OF WITNESSES AND EXHIBITS | August 27, 2018 |
| DEFENDANT'S FINAL LIST OF WITNESSES AND EXHIBITS | August 27, 2018 |
| OBJECTIONS TO FINAL LIST OF WITNESSES AND EXHIBITS | September 4, 2018 |
| PLAINTIFF'S INTERROGATORIES AND DEPOSITIONS TO BE USED AT TRIAL | August 27, 2018 |
| DEFENDANT'S INTERROGATORIES AND DEPOSITIONS TO BE USED AT TRIAL | August 27, 2018 |
| OBJECTIONS TO INTERROGATORIES AND DEPOSITIONS | September 4, 2018 |
| STIPULATION OF FACTS | September 4, 2018 |
| PROPOSED EXPERT WITNESS BIOGRAPHICAL SKETCHES | September 4, 2018 |
| DESIGNATION OF JOINT EXHIBITS | September 4, 2018 |
| PRETRIAL CONFERENCE/FINAL SETTLEMENT CONFERENCE | September 10, 2018 10:00 a.m. |
| TRIAL DATE | September 18, 2018 9:30 a.m. (first) (3 days) |

1. **JOINT PRETRIAL ORDER**: A joint pre-trial order shall be submitted to the Court not later than **August 27, 2018**. The proposed joint pre-trial order shall contain at least those matters provided for under L.R. Civ. P. 16.04(b).

The joint pretrial order shall contain for each party, a list of all witnesses who will be called at the trial:

    A.    Each list of witnesses should include the witnesses' addresses and a statement of the general

2

**Richards v. EQT Production Co.**                                   1:17cv50

### SCHEDULING ORDER

          subject matter of their testimony. It is **NOT** sufficient to designate the witness simply "fact," "medical," or "expert." The list must also include an indication in good faith of those witnesses who **WILL** be called in the absence of reasonable notice to opposing counsel to the contrary and of those witnesses who **MAY** be called.

   B.   This restriction does not apply to rebuttal witnesses or documents when necessity cannot be reasonably anticipated. Furthermore, in the case of expert witnesses, counsel shall certify that they have exchanged expert reports or have otherwise exchanged expert information. Expert witnesses whose reports have not been furnished to opposing counsel will not be permitted to testify nor shall experts be permitted to testify to opinions not included in the reports timely furnished.

   C.   Except for good cause shown, the Court will not permit any witness to testify unless with respect to such witness there has been complete compliance with all provisions of this Order and prior court orders.

The witness lists submitted to this Court as part of the pre-trial order shall include all of a party's potential witnesses and exhibits and no party shall be permitted to add to these lists after the pretrial order is submitted to the Court. Following the pre-trial conference, this Court shall enter the final pre-trial order which shall be modified only to prevent manifest injustice.

   2.   **PROPOSED VOIR DIRE AND JURY CHARGE:** Proposed jury instructions on substantive theories of recovery or defense, on damages and on evidentiary matters peculiar to the case, together

**Richards v. EQT Production Co.**                                      **1:17cv50**

**SCHEDULING ORDER**

with pertinent statutory and case authority, special interrogatories and verdict forms, as appropriate to the case, and all proposed voir dire questions requested by counsel for submission to the jury shall be exchanged by counsel and delivered to the Clerk not later than **August 27, 2018**.

**If the instructions, voir dire, verdict forms, and special interrogatories in this case are prepared on a computer in a software program compatible with WordPerfect or Microsoft Word, counsel are requested to send files containing those instructions in such a compatible format to the Court by email, care of Candace Levitsky at Candace_Levitsky@wvnd.uscourts.gov, with the email subject line including the case name and party proposing the instructions. If the request for an email with the noted information is not followed, sanctions may occur.**

    3. **MOTIONS IN LIMINE**: All motions in limine, and all other related pre-trial motions shall be filed with the Clerk not later than **August 27, 2018**. Responses to such motions shall be filed by counsel by **September 4, 2018**.

    4. **FINAL LIST OF WITNESSES AND EXHIBITS AND OBJECTIONS**: Pursuant to Fed. R. Civ. P. 26(a)(3), on or before **August 27, 2018**, plaintiff shall file with the Clerk a final list of those exhibits

**Richards v. EQT Production Co.**                                                      **1:17cv50**

**SCHEDULING ORDER**

and witnesses that he or she actually intends to use or call at trial. Prior to that, he shall either forward copies of the proposed exhibits or make them available to all other counsel for examination. On or before **August 27, 2018**, defendant shall file a list of proposed exhibits to be used and witnesses to be called at trial after having forwarded copies of them or having them available for examination to all other counsel. All exhibits shall be appropriately marked in numerical sequence (not lettered). Exhibit markers may be obtained from the Clerk.

     By each of the dates set forth above, each counsel shall tender to the Clerk two sets (preferably in binders and on disk) of <u>copies</u> of the exhibits to be used at trial. These should be indexed for easy reference and each paper exhibit should be individually tabbed. One of the binders will be for the Court's use and the other is for use by the witness. Counsel should have their own copy of each exhibit and should furnish opposing counsel with a copy of each exhibit. <u>Original</u> exhibits shall be submitted to the Clerk at trial and should not be tendered to the Clerk prior to trial.

     Any objection to any proposed witness or exhibit must be filed in writing no later than **September 4, 2018**, shall include a copy of

**Richards v. EQT Production Co.** 1:17cv50

SCHEDULING ORDER

the exhibit where possible, and shall include authority supporting the ground for objection. Failure to comply with this paragraph may constitute a waiver of objection or may result in the Court's denying any objection to the admission of an affected exhibit or witness.

5. **INTERROGATORIES AND DEPOSITIONS TO BE USED AT TRIAL AND OBJECTIONS**: Pursuant to Fed. R. Civ. P. 26(a)(3), on or before **August 27, 2018**, plaintiff shall file with the Clerk any interrogatories, answers thereto, depositions, etc., specifying the appropriate portions thereto that plaintiff intends to offer in this case. Defendant shall do the same on or before **August 27, 2018**. Before designating these discovery materials, the parties shall meet and agree as to the elimination of all irrelevant and repetitive matter, and all colloquy between counsel in the depositions. In addition, the parties shall, in good faith, attempt to resolve all objections to testimony. Any objections to the testimony that cannot be amicably resolved and the grounds for the objections shall be filed in writing by each of the parties no later than **September 4, 2018**, or such objection shall be deemed to have been waived. The objections shall include appropriate statement of authorities in support of the party's position. This

**Richards v. EQT Production Co.**                                    **1:17cv50**

**SCHEDULING ORDER**

paragraph does not apply to discovery materials that will be used at trial solely in cross-examination or for impeachment.

6.   **STIPULATION OF FACTS**: Counsel are encouraged to meet and enter into stipulations of facts in this case and any such stipulation shall be reduced to writing, signed by counsel and filed with the Court and with opposing counsel by **September 4, 2018**.

7.   **BIOGRAPHICAL SKETCHES**: Biographical sketches of any proposed expert witnesses shall be filed with the Court and with opposing counsel by **September 4, 2018.**

8.   **DESIGNATION OF JOINT EXHIBITS**: The parties should consider designating a list of joint exhibits and should file any list of exhibits to be jointly designated by **September 4, 2018.**

9.   **PRETRIAL CONFERENCE/FINAL SETTLEMENT CONFERENCE**: A pre-trial conference/final settlement conference shall be held at **10:00 a.m.**, on **September 10, 2018**, at **the Clarksburg, West Virginia** point of holding court. Lead trial counsel for each represented party must attend.  Counsel and parties should be prepared to participate fully and to discuss all aspects of the case, including the matters set forth in the pre-trial order. Persons with full authority to settle the case for each party shall be present in person.

**Richards v. EQT Production Co.**                                                    **1:17cv50**

**SCHEDULING ORDER**

---

    10.  **TRIAL**: Jury selection in this action shall be held on **September 18, 2018**, at **9:30 a.m.**, at the **Clarksburg, West Virginia** point of holding court. Trial will commence upon the completion of jury selection and trial in any prior case scheduled for this date. This case is presently the **first** case on the trial docket for that week.

    11.  **SETTLEMENT AUTHORITY AND SANCTIONS**: At least one of the attorneys for each party participating in any conference before trial shall have authority to make decisions as to settlement, stipulations and admissions on all matters that participants reasonably anticipate may be discussed. Counsel and parties are subject to sanctions for failures and lack of preparation specified in Fed. R. Civ. P. 16(f) and L.R. Civ. P. 37.01 respecting pre-trial conferences or orders.

    12.  **DEADLINES FINAL**: The time limitations set forth above shall not be altered except as set forth in L.R. Civ. P. 16.01(f).

    All dates for submissions, deliveries and filings with the Clerk or the Court refer to the date the materials must be actually <u>received</u> not the mailing date.

    **FAILURE ON THE PART OF COUNSEL TO APPEAR AT THE PRETRIAL CONFERENCE OR TO COMPLY WITH THE REQUIREMENTS OF THIS ORDER WILL**

**Richards v. EQT Production Co.** 1:17cv50

SCHEDULING ORDER

**SUBJECT THE PARTY OR ATTORNEY TO APPROPRIATE SANCTIONS UNDER THE RULES, AND MAY RESULT IN DISMISSAL OR STRIKING OF ALL PLEADINGS OF THE FAILING PARTY OR PERSON. COMPLIANCE WITH THIS ORDER INCLUDES *TIMELY* AND *GOOD FAITH EFFORT* BY *ALL* PARTIES TO MEET AND *JOINTLY* PREPARE THE FINAL PRETRIAL ORDER AND OTHER ITEMS DESCRIBED ABOVE.**

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Scheduling Order to counsel of record.

DATED: June 12, 2018

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE