IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ARNOLD K. RICHARDS and
MARY L. RICHARDS, his wife,

    **Plaintiffs,**

v.            CIVIL ACTION NO. 1:17cv50
             (Hon. Irene M. Keeley)

**EQT PRODUCTION COMPANY,**

    **Defendant.**

**DEFENDANT'S MOTION TO QUASH PLAINTIFFS' "NOTICE OF VIDEOTAPED EVIDENTIARY DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE(S) OF EQT PRODUCTION COMPANY" AND MOTION FOR PROTECTIVE ORDER WITH SUPPORTING MEMORANDUM**

    Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, Defendant EQT Production Company ("EQT Production" or "Defendant"), by counsel, moves the Court, for the entry of a Protective Order precluding Plaintiffs from proceeding with the Rule 30(b)(6) video deposition of Defendant's designated representative(s) as set forth in Plaintiffs' "Notice of Videotaped Evidentiary Deposition of 30(b)(6) Corporate Representative(s) of EQT Production Company" (the "Notice") served on August 23, 2018.[1]

    Plaintiffs Notice originally identified nineteen topics (a – s) of inquiry for the deposition(s). After communications with counsel for Defendant and counsel's representation that most of the topics of inquiry listed in the Notice may be addressed, subject to the relevance, admissibility and objections to the testimony, by EQT Production's witnesses who are expected to testify in person at trial[2], counsel for Plaintiffs agreed to withdraw the topics that may be addressed by those witnesses. Plaintiffs

---

[1] A copy of this Notice is attached hereto as Exh. A.
[2] *See* Exh. B, correspondence dated August 24, 2018.

continue to seek, however, the depositions of a 30(b)(6) representatives for nine of the originally identified topics.

The Notice for the remaining topics should be quashed and the deposition(s) precluded on the following grounds: (1) Plaintiffs seek to obtain discovery on matters that are no longer at issue in this case given the Court's rulings and findings in the "Memorandum Opinion and Order Denying Plaintiffs' Motion for Partial Summary Judgment" (ECF 52) entered on July 5, 2018; and, which are irrelevant to the parties' claims and defenses; (2) several of the topics of inquiry listed in the Notice were answered in prior depositions taken in this case; and (3) the Notice is untimely.  In addition, as counsel for EQT Production previously notified counsel for Plaintiffs, counsel for Defendant is unavailable on the date specified in the Notice.  It is, therefore, appropriate for the Court to preclude the Plaintiffs from proceeding with deposition(s) as set forth in the Notice.  *See* Fed. R. Civ. P. 26(b)(2)(C) and 26(c)(1)(A).  Accordingly, EQT Production requests that the Court enter an Order precluding Plaintiffs from proceeding with the Rule 30(b)(6) video deposition of Defendant's designated representative(s) as set forth in the Notice.  Further, counsel for Defendant certifies that he has in good faith conferred with Plaintiffs' counsel in an effort to resolve this dispute without the necessity of filing this Motion.

In further support of this Motion, EQT Production states as follows:

## ARGUMENT

**A.   The Scope of Discovery Under Rule 26**

Rule 26(c) of the Federal Rules of Civil Procedure pertains to protective orders.  It provides, in pertinent part, that:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;

2

(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters …

Fed. R. Civ. P. 26(c)(emphasis added).

Rule 26 also defines the scope and limits of discovery. First, Rule 26(b) defines the general scope of discovery as follows:

> <u>Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case</u>, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery and resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added). Rule 26 also provides limitations on the frequency and extent of discovery, even within the scope of discovery allowed by Fed. R. Civ. P. 26(b)(1). It states:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C) (emphasis supplied).

**B.       Plaintiffs seek to obtain discovery on matters that are not at issue in this case given this Court's prior rulings.**

According to their Notice, Plaintiffs seek to depose a corporate representative(s) on several topics that are not at issue in this case:

o)   The price paid by the first unaffiliated party for the gas from the Richards' leases;

p)   Volumes of liquids or byproducts produced from the subject wells;

q)   The price paid by any third party for liquids or byproducts from the subject wells;

r)   EQT Production Company's corporate response to rulings in W.W. McDonald Land Co. v. EQT Prod. Co., 983 F. Supp. 2d 790, 796 (S.D.W. Va. 2013) and the effects of the same on the Plaintiffs' royalties.

*See* Exh. A.

Neither EQT Energy, LLC nor any other business is a party to this action, and Plaintiffs did not assert any claim of alter ego relationship or liability in the Complaint. This Court has recognized that "the party to whom EQT Production sells the natural gas produced from the subject wells, and the nature of the relationship between those parties, is not properly at issue in this case. The relevant question, rather, is whether EQT Production has paid proper royalties to the Richards under the relevant Lease provision." (ECF 52, p. 11). Accordingly, the price that may be paid for gas by the first unaffiliated entity is not an issue to be decided at trial.

Nor is the sale of natural gas liquids or by-products an issue to be considered at trial. The undisputed evidence in this case establishes that EQT Production sells gas at or near the wellhead before processing or separation of any natural gas liquids and does not separately sell any natural gas liquids from natural gas produced from wells located on the Lease premises. (ECF 40; ECF 52). As recognized by this Court, it is "undisputed that EQT Production neither markets nor sells natural gas by-products from the Lease premises, but rather, sells the natural gas in its raw, or nearly raw, state to EQT Energy …" (ECF 52, pp. 15-16). It is further

4

undisputed that EQT Production does not "receive any revenue for the sale of such by-products." (ECF 52, p. 16). There is, therefore, no valid basis upon which to impose any obligation on EQT Production to pay royalties for something that it does not sell.

The topics identified in the Notice are outside the scope of discovery permitted by Rule 26(b)(1). *See* Fed. R. Civ. P. 26(b)(2)(C). Plaintiffs' Notice must be quashed as they seek to obtain discovery on matters that are neither relevant to the issues to be decided at trial nor proportional to the needs of the case given the issues that remain for trial after this Court's July 5, 2018, Order. Even if these topics were at issue, the Notice should nonetheless be quashed as untimely as Plaintiffs had ample opportunity to conduct discovery on these matters. Fed. R. Civ. P. 26(b)(2)(C).

C. **Plaintiffs seek to obtain discovery on matters that are not relevant or proportional to the needs of the case.**

Plaintiffs also seek to depose a corporate representative(s) regarding lease modifications that are not relevant to the issues to be decided at trial. In particular, Plaintiffs have requested that a corporate representative(s) appear for deposition to testify on the following topics:

    b)    The Richards' lease review by EQT prior to obtaining the Richards' lease modifications'

    c)    Lease Modifications for Richards' leases, specifically;

    e)    Lease Modifications in general.

There is no dispute that the three Leases at issue in this case have been modified to allow for pooling and unitization, and for horizontal drilling. There is also no dispute that the royalty payment provisions of the Leases have not been modified by these subsequent lease modifications. (ECF 6, ¶¶ 8, 10, 12). Evidence concerning modifications relating to the subject Leases are, therefore, not relevant to the issue to be determined at trial - whether EQT Production has complied with the royalty payment provision provided by the terms of the original Leases in

the payment of royalties with respect to the six (6) horizontal Marcellus Shale wells that are the subject of Plaintiffs' claims against EQT Production. (ECF 1-1, pp. 13-14, ¶¶21-24). Lease modifications with respect to wells and/or property not at issue in this case are similarly irrelevant.

Accordingly, Plaintiffs' request to depose a corporate representative regarding lease modifications and/or lease review prior to obtaining the modifications to the subject Leases should be precluded as irrelevant and outside the scope of discovery permitted by Rule 26(b)(1). The deposition sought by Plaintiffs should also be precluded as it is not proportional to the needs of the case where there is no dispute as to the royalty payment provision of the Leases. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C). Lastly, the Notice should be quashed as untimely as Plaintiffs had ample opportunity to conduct discovery on these matters. Fed. R. Civ. P. 26(b)(2)(C).

**D.      Witnesses have been deposed regarding the remaining topics of inquiry.**

Topic (a) (the decision to deduct expenses from the Plaintiff's royalties) was the subject of testimony provided at the depositions of John Bergonzi and Kristy Toia previously taken in this case. There, for example, Mr. Bergonzi testified that with respect to wells located on leases that were acquired by EQT Production, "EQT would have followed the process [for the payment of royalties] that was in place when … [the subject Leases] were acquired, absent some reason to review them." *See* Exh. C, Bergonzi Tr., pp. 95-96. Ms. Toia further testified that "land administration" would make the determination after review of leases as to the payment of royalties for new horizontal wells. *See* Exh. D, Toia Tr., pp. 103-104.

The testimony sought in the Notice regarding Topic (a) is, therefore, duplicative and cumulative of testimony sought and obtained from Mr. Bergonzi and Ms. Toia. Moreover, while

counsel for Defendants is unclear as to what information Plaintiffs seek in topic (m) (the market for Marcellus gas), as discussed by the witnesses deposed and to be present at trial, natural gas from the Lease premises is delivered to the first liquid trading point known as Tetco M2.  To the extent Plaintiffs believed they needed information in addition to the information provided by these witnesses, Plaintiffs had opportunity to conduct further discovery.  Plaintiffs' Notice should, therefore, be quashed as untimely and unreasonably cumulative or duplicative.  Fed. R. Civ. P. 26(b)(2)(C).

## CONCLUSION

For the reasons stated herein and to be argued upon oral argument, Defendant EQT Production Company respectfully requests that the Court enter quash the Notice and enter a protective order, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, precluding Plaintiffs from proceeding with the Rule 30(b)(6) video deposition of Defendants' designated representative(s) as set forth in Plaintiffs' Notice of Deposition served on August 23, 2018.

EQT PRODUCTION COMPANY,
By Counsel.

*/s/  David K. Hendrickson     08/27/2018*
David K. Hendrickson, Esquire (#1678)
**HENDRICKSON & LONG, PLLC**
214 Capitol Street (zip 25301)
P.O. Box 11070
Charleston, West Virginia   25339
(304) 346-5500
(304) 346-5515 (facsimile)
daveh@handl.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ARNOLD K. RICHARDS and**
**MARY L. RICHARDS, his wife,**

      **Plaintiffs,**

v.                                                        **Civil Action No.  1:17-cv-50-IMK**
                                                                   **(Hon. Irene M. Keeley, Judge)**

**EQT PRODUCTION COMPANY,**

      **Defendant.**

### CERTIFICATE OF SERVICE

I, David K. Hendrickson, do hereby certify that on the **27th day of August, 2018**, I have served the foregoing **"DEFENDANT'S MOTION TO QUASH PLAINTIFFS' "NOTICE OF VIDEOTAPED EVIDENTIARY DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE(S) OF EQT PRODUCTION COMPANY" AND MOTION FOR PROTECTIVE ORDER WITH SUPPORTING MEMORANDUM"** upon counsel of record, using the Court's CM/ECF system, which will electronically deliver a true copy thereof to the following:

        Rodney C. Windom, Esquire
        Scott A. Windom, Esquire
        Windom Law Offices, PLLC
        101 East Main Street
        Harrisville, West Virginia  26362
        ***Counsel for Plaintiffs***

                                        **/s/  David K. Hendrickson     08/27/2018**
                                        David K. Hendrickson, Esquire (#1678)
                                        **HENDRICKSON & LONG, PLLC**
                                        214 Capitol Street (zip 25301)
                                        P.O. Box 11070
                                        Charleston, West Virginia  25339
                                        (304) 346-5500
                                        (304) 346-5515 (facsimile)
                                        daveh@handl.com