# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ARNOLD K. RICHARDS and**
**MARY L. RICHARDS, his wife,**

      **Plaintiffs,**

v.                            **CIVIL ACTION NO. 1:17cv50**
                                **(Hon. Irene M. Keeley)**

**EQT PRODUCTION COMPANY,**

      **Defendant.**

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Pursuant to the provisions of the Second Scheduling Order entered in this action, Defendant EQT Production Company ("EQT Production"), by counsel, respectfully submits the following proposed jury instructions.

                                          **EQT PRODUCTION COMPANY,**
                                          **By Counsel.**

                                          */s/ David K. Hendrickson    08/27/2018*
                                          David K. Hendrickson, Esquire (#1678)
                                          **HENDRICKSON & LONG, PLLC**
                                          214 Capitol Street (zip 25301)
                                          P.O. Box 11070
                                          Charleston, West Virginia   25339
                                          (304) 346-5500
                                          (304) 346-5515 (facsimile)
                                          daveh@handl.com

DEFENDANT'S JURY INSTRUCTION NO. 1
(Accounting)

The Plaintiffs in this case claim that their royalty payments for six (6) wells that are operated by Defendant were underpaid. Plaintiffs have requested an accounting for the natural gas sold from the subject wells, the amounts received for the sale of that gas, and the post-production and other costs that are part of the contractual formula for determining the sales price for gas produced from the subject leases.

As the sole lessee to the Leases and owner of the working interest on the Lease premises, Defendant has the duty to report to Plaintiffs the income and expenses used to calculate royalties from the sale of natural gas from the wells that are the subject of this case. An "accounting" is an equitable remedy that arises from an obligation to account for money or property. An "equitable accounting" generally refers to the report of all expenses, income and/or property prepared by one having a duty to account.

If you find by a preponderance of the evidence that Defendant has reported to Plaintiffs the income and expenses used to calculate royalties from the sale of natural gas from the wells that are the subject of this case, then you may find in favor of Defendant. If you find by a preponderance of the evidence that Defendant has not reported this income and expense to Plaintiffs, then you may find in favor of Plaintiffs on their claim for an accounting.

*Belcher v. Big Four Coal & Coke Co.*, 68 W. Va. 716, 70 S.E. 712 (1911); *Shearer v. United Carbon Company*, 143 W. Va. 482, 486, 103 S.E.2d 883, 886 (1958); *Leggett v. EQT Production Company*, 239 W. Va. 264, 800 S.E.2d 850 (2017); 1A C.J.S. Accounting § 6; 1A C.J.S. Accounting § 33; 1A C.J.S. Accounting § 67; ACCOUNTING, Black's Law Dictionary (10th ed. 2014); *Wolf v. Sutphin*, 201 W. Va. 35, 491 S.E.2d 35 (1997); *Spencer v. McClure*, 217 W. Va. 442, 618 S.E.2d 451 (2005); *Bennett v. Chesapeake & Potomac Tel. Co.*, 102 W. Va. 382, 135 S.E. 279 (1926).

                                                                    _____
                                                                    Honorable Irene M. Keeley

Given _____

Refused _____

Modified _____

Withdrawn _____

<u>DEFENDANTS' JURY INSTRUCTION NO. 2</u>
(Breach of Contract)

Plaintiffs claim that Defendant is liable for breach of the terms of the Leases between the parties. A breach of contract occurs when a party fails to comply with a term in the contract and damages arise from that breach. To sustain a claim for breach of contract, the requirement that was not met by the breaching party must be material and central to the parties' agreement. The word "breach," as applied to contracts, is defined as a failure without legal excuse to perform any promise that forms a whole or a part of a contract. To establish liability for their breach of contract claim with respect to the Leases involved in this case, Plaintiffs must prove, by a preponderance of the evidence, that Defendant failed to perform a requirement of the Leases and that such failure to perform was so important and central to the terms of that Leases that it defeated the very purpose of the parties' contract.

*J.W. Ellison, Son & Co. v. Flat Top Grocery Co.*, 69 W.Va. 380, 71 S.E. 391(1911); *Emerson Shoe Co. v. Neely*, 99 W.Va. 657, 129 S.E. 718 (1925); *Milner Hotels, Inc. v. Norfolk & Western Ry. Co.*, 822 F.Supp. 341 (S.D.W.Va. 1993), *aff'd*, 19 F.3d 1429 (4th Cir. 1994); *Wittenberg v. Wells Fargo Bank, N.A.*, 852 F.Supp.2d 731, 749 (N.D.W.Va. 2012); 17A AmJur2d Contracts §699 (2007).

                                                                                          _____
                                                                                          Honorable Irene M. Keeley

Given _____
Refused _____
Modified _____
Withdrawn _____

<u>DEFENDANTS' JURY INSTRUCTION NO. 3[1]</u>
(Fraud)

Plaintiffs have asserted a cause of action for fraud against Defendant in this action. Plaintiffs claim that Defendant concealed and/or misrepresented information provided to Plaintiffs. Defendant denies that it concealed or misrepresented any information to Plaintiffs.

Common law fraud is an intentional misrepresentation of a material fact made by a person with knowledge of its falsity for the purpose of inducing another to act, and upon which the other person relies with a resulting injury or damage. Fraud includes omissions or the intentional failure to state material facts, knowledge of which is necessary to make other statements by the Defendant not misleading to the Plaintiffs. To succeed on their fraud claim, Plaintiffs must prove each of the following elements by clear and convincing evidence: (1) the act claimed to be fraudulent was the act of the Defendant or induced by it; (2) the act was material and false; (3) Plaintiffs relied upon it and were justified under the circumstances in relying upon it; and, (4) Plaintiffs were damaged because of this reliance. "Clear and convincing" is defined as "highly probable" and this standard of proof requires more than a preponderance of the evidence. It is the measure or degree of proof that will produce a firm belief or conviction about the truth of the allegation.

Where, as here, fraudulent concealment is alleged, Plaintiffs must prove concealment of facts by one with knowledge or the means of knowledge, and a duty to disclose, coupled with an intention to mislead or defraud. Each of these elements will be discussed more specifically and

---

[1] This proposed instruction is being offered **only** in the event this Court finds that Plaintiffs may present evidence on this issue. In submitting this proposed instruction, Defendant is not waiving its objections to argument or evidence on this issue at trial as stated in its Motions in Limine filed in this case.

all of them must be satisfied if you are to enter a verdict in favor of Plaintiffs on their claim of fraud.

First, Plaintiffs must show that the Defendant made one or more misrepresentations or omitted some material fact, or that the claimed misrepresentations or omissions were induced by the Defendant.  This element is satisfied only if the Defendant misstated or withheld any material facts.  The second element of common law fraud is satisfied only if the act or omission claimed to be fraudulent was material and false.  A fact is material when a reasonable person would attach importance to its existence or nonexistence in determining a choice of action in a transaction, or when the maker of the representation has reason to know that the recipient regards, or is likely to regard, the matter as important in determining a choice of action.  Stated another way, a representation is material if it is likely to induce a reasonable person to act or refrain from acting.  The Defendant must have either known the representation was false, acted without knowledge as to its truth or falsity, or acted under such circumstances such that it should have known of its falsity.  To establish the third element of fraud, Plaintiffs must show that they relied upon the false acts, statements or omissions, and that they were justified under the circumstances in their reliance.  And, as stated, to satisfy the fourth element of fraud, Plaintiffs must have suffered injury or damage as a result of their reliance.

*Muzelak v. King Chevrolet, Inc,*, 179 W. Va. 340, 368 S.E.2d 710 (1988); *Lengyel v. Lint*, 167 W. Va. 272, 280 S.E.2d 66 (1981); *Davis v. Alford*, 113 W. Va. 30, 166 S.E. 701 (1932); *Dyke v. Alleman*, 130 W. Va. 519, 44 S.E.2d 587 (1947); *Pocahontas Mining Company Limited Partnership v. Oxy USA, Inc.,* 202 W. Va. 169, 503 S.E.2d 258 (1998); *Trafalgar House Construction, Inc. v. ZMM, Inc.* 211 W. Va. 578, 567 S.E.2d 294 (2002); *Folio v. City of Clarksburg*, 221 W. Va. 397, 655 S.E.2d 143 (2007); *Bowens v. Allied Warehousing Services, Inc.*, 229 W. Va. 523, 729 S.E.2d 845, 852 (2012); Syl. pt. 1, *Lengyel v. Lint,* 167 W. Va. 272, 280 S.E.2d 66 (1981); *Horton v. Tyree,* 104 W. Va. 238, 242, 139 S.E. 737 (1927); Restatement, Second, Torts, §§ 525 and 531; Restatement, Second, Contracts § 162; *O'Dell v. Stegall*, 226 W. Va. 590, 608, 703 S.E.2d 561, 579 (2010); *Wheeling Dollar Savings & Trust Co. v. Singer*, 162 W. Va. 502, 510, 250 S.E.2d 369, 374 (1978).

                                                                                                          _____
                                                                                                          Honorable Irene M. Keeley

Given _____

Refused _____

Modified _____

Withdrawn _____

Case 1:17-cv-00050-IMK-MJA Document 79 Filed 08/27/18 Page 7 of 16 PageID #: 842

<u>DEFENDANTS' JURY INSTRUCTION NO. 4[2]</u>
(Constructive Fraud)

Plaintiffs have alternatively asserted a cause of action for constructive fraud against Defendant in this action.  Constructive fraud is a breach of a legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others, to violate the public or private confidence or to injure public interests.  Constructive fraud does not require proof of fraudulent intent.  It is important to note that, under the law, mere silence or a refusal to provide known information is not fraud unless there is a duty to disclose the information.  To succeed on their constructive fraud claim, Plaintiffs must prove each of the following elements by clear and convincing evidence:  (1) the act claimed to be fraudulent was the act of the Defendant or induced by it; (2) the act was material and false; (3) Plaintiffs relied upon it and were justified under the circumstances in relying upon it; and, (4) Plaintiffs were damaged because of this reliance.

*Wilt v. State Auto. Mut. Ins. Co.*, 203 W.Va. 165, 169, 506 S.E.2d 608, 612 (1998); *Stanley v. Sewell Coal Co.,* 169 W.Va. 72, 76-77, 285 S.E.2d 679, 683 (1982); *Brown v. Partipilo*, No. 1:10cv110, 2011WL1562908 (N.D.W. Va. Apr. 22, 2011).

_____
Honorable Irene M. Keeley

Given _____
Refused _____
Modified _____
Withdrawn _____

---

[2] This proposed instruction is being offered **only** in the event this Court finds that Plaintiffs may present evidence on this issue.  In submitting this proposed instruction, Defendant is not waiving its objections to argument or evidence on this issue at trial as stated in its Motions in Limine filed in this case.

DEFENDANT'S JURY INSTRUCTION NO. 5
(All Litigants Equal Before the Law)

The Defendant is this case is a corporation.  It is an entity created by law.  You are instructed that all parties are equal before the law.  As a lawfully created business, Defendant is entitled to the same fair consideration that you would give any individual person.  The mere fact that the Plaintiffs are natural persons should not play any part in your deliberations.  Rather, you must assess claims and defenses of all parties without regard to their status and treat all parties in an equal and unbiased fashion.

_____
Honorable Irene M. Keeley

Given _____
Refused _____
Modified _____
Withdrawn _____

<u>DEFENDANT'S JURY INSTRUCTION NO. 6</u>
(Sympathy)

The Court instructs the jury that sympathy should have no influence whatsoever upon you or in any way control your verdict. The questions of the award of damages, if any, is to be determined under the instructions of the Court, from the evidence heard in the courtroom, and sympathy has no place in your consideration.

All parties expect that you will carefully and impartially consider all of the evidence, accept and follow the law in these instructions, and reach a just verdict, regardless of consequence.

_____
Honorable Irene M. Keeley


Given _____
Refused _____
Modified _____
Withdrawn _____

DEFENDANT'S JURY INSTRUCTION NO. 7
(Lawyers' Statements not Evidence)

If a lawyer asks a witness a question which contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyers' statements are not evidence.

Devitt, Blackmar & Wolff, § 71.12.

_____
Honorable Irene M. Keeley

Given _____
Refused _____
Modified _____
Withdrawn_____

DEFENDANTS' JURY INSTRUCTION NO. 8
(Compensatory Damages)

Plaintiffs claim that Defendant breached the terms of the parties' Leases. If you find that Defendant breached the terms of these Leases by failing to pay Plaintiffs the proper amount of royalties owed to them by the terms of those Leases, you may award Plaintiffs the amount of royalties, if any, which you find were underpaid by Defendant. Compensatory damages that may be awarded are those that may fairly and reasonably be considered as arising naturally, that is, according to the usual course of things, from the breach of the contract itself, or those that may reasonably have been in the contemplation of both parties at the time they made the contract as the probable result of its breach. Damages for breach of contract cannot be based on estimates which amount to mere speculation and conjecture, but must be proved with reasonable certainty.

*Supervalu Operations, Inc. v. Center Design, Inc.*, 206 W.Va. 311, 524 S.E.2d 666 (1999); *Desco Corp. v. Harry W. Trushel Const. Co.*, 186 W.Va. 430, 413 S.E.2d 85 (1991); *Cell, Inc. v. Ranson Investors*, 189 W.Va. 13, 427 S.E.2d 447 (1992); *Kentucky Fried Chicken of Morgantown, Inc. v. Sellaro*, 158 W.Va. 708, 214 S.E.2d 823 (1975).

_____
Honorable Irene M. Keeley

Given _____
Refused _____
Modified _____
Withdrawn_____

DEFENDANTS' JURY INSTRUCTION NO. 9[3]
(Punitive Damages)

Plaintiffs have requested an award of punitive damages in addition to compensatory damages. Although I am explaining the law of punitive damages, it does not mean that I have any opinion on whether punitive damages should be awarded. That decision is yours alone. You are not required to award punitive damages.

If you award Plaintiffs compensatory damages to compensate them for their claimed injuries or losses, then you may also award them punitive damages. You may not award punitive damages if you do not first find that Plaintiffs are entitled to compensatory damages.

As a general proposition, the purposes of punitive damages are: (1) to punish a wrongdoer for conduct that has harmed another party; and (2) to discourage a wrongdoer and others from acting the same way in the future. Therefore, punitive damages are damages that are awarded to punish and deter wrongdoers. Punitive damages are in addition to damages you award to compensate a party for injuries or losses.

Punitive damages may be awarded where you find by clear and convincing evidence that a Defendant acted with actual malice toward Plaintiffs, or that a Defendant acted with a conscious, reckless, and outrageous indifference to the health, safety, and welfare of others. "Clear and convincing" evidence is proof that produces in your mind a firm belief or conviction that actual malice, or that conscious, reckless, and outrageous indifference to the health, safety, and welfare of others, has been established. "Actual malice" may be found where you find that a Defendant acted with a state of mind shown by conduct that was intended to or was substantially certain to injury Plaintiffs, without any just cause or excuse.

---

[3] This proposed instruction is being offered **only** in the event this Court finds that Plaintiffs may present evidence on this issue. In submitting this proposed instruction, Defendant is not waiving any objections to argument or evidence on this issue at trial.

Therefore, if you find from the evidence that a Defendant committed a wrongful act with actual malice toward Plaintiffs or acted with a conscious, reckless, and outrageous indifference to the health, safety, and welfare of others, then you may award Plaintiffs punitive damages in an amount you believe is sufficient to punish the Defendant and to serve as an example to prevent the Defendant and others from acting in a similar way in the future.  Remember, you are not required to award punitive damages and any punitive damages that are awarded must be in addition to damages, if any, which may be necessary to compensate Plaintiffs for their injuries or losses.

There is no fixed formula to determine the amount of punitive damages, but you cannot just pull numbers out of the air.  If you decide to award punitive damages, you should consider the following factors in determining the amount of punitive damages:

1. Punitive damages should bear a reasonable relationship to the harm that is likely to occur from the Defendant's conduct as well as to the harm that actually has occurred.  If the Defendant's actions caused or would likely cause in a similar situation only slight harm, the punitive damages should be relatively small.  If the harm or potential harm is severe, the punitive damages should be greater.

2. You may consider whether the Defendant's conduct was reprehensible, and in doing so, you should take into account: (a) how long the Defendant continued the actions; (b) whether the Defendant was aware that the actions were causing or were likely to cause harm; (c) whether the Defendant attempted to conceal or cover up the actions or harm caused by such actions; and (d) how often the Defendant engaged in similar conduct in the past.

3. You may consider whether the Defendant profited from the wrongful conduct, and if you find the Defendant did profit from the conduct, you may remove the profit and your award may be in excess of the profit, so that the award discourages future bad acts by Defendant.

4. As a matter of fundamental fairness, punitive damages must bear a reasonable relationship to compensatory damages.

5. In determining the amount of punitive damages, the financial position of Defendant is relevant.

West Virginia Pattern Jury Instructions for Civil Cases § 1500; W. Va. Code § 55-7-29; *Boyd v. Goffoli*, 216 W. Va. 552, 608 S.E.2d 169 (2004); *TXO Production Corp. v. Alliance Resources Corp.*, 187 W. Va. 457, 419 S.E.2d 870 (1991), *aff'd* 509 U.S. 433 (1993); *Garnes v. Fleming Landfill, Inc.*, 186 W. Va. 656, 413 S.E.2d 897 (1991); *Seymour v. Pendleton Community Care*, 209 W. Va. 468, 549 S.E.2d 662 (2001); *Yourtee v. Hubbard*, 196 W. Va. 683, 474 S.E.2d 613 (1996); *Beardsley v. Webb*, 30 F.3d 524 (4th Cir. 1994).

                                                                  _____
                                                                  Honorable Irene M. Keeley

Given _____

Refused _____

Modified _____

Withdrawn _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ARNOLD K. RICHARDS and**
**MARY L. RICHARDS, his wife,**

      **Plaintiffs,**

**v.**                                **CIVIL ACTION NO. 1:17cv50**
                                                      **(Judge Keeley)**

**EQT PRODUCTION COMPANY,**

      **Defendant.**

## CERTIFICATE OF SERVICE

      I, David K. Hendrickson, counsel for defendant, do hereby certify that on the **27th day of August, 2018,** I have served a true and accurate copy of the foregoing **"DEFENDANT'S PROPOSED JURY INSTRUCTIONS"** upon counsel of record listed below, using the Court's CM/ECF system, which will electronically deliver a true copy thereof to the following:

> Rodney C. Windom, Esquire
> Scott A. Windom, Esquire
> Windom Law Offices, PLLC
> 101 East Main Street
> Harrisville, West Virginia 26362
> swindom@windomlawoffices.com
> *Counsel for Plaintiffs*

                                  */s/ David K. Hendrickson*    08/27/2018
                                  David K. Hendrickson, Esquire (#1678)
                                  **HENDRICKSON & LONG, PLLC**
                                  214 Capitol Street (zip 25301)
                                  P.O. Box 11070
                                  Charleston, West Virginia 25339
                                  (304) 346-5500
                                  (304) 346-5515 (facsimile)
                                  daveh@handl.com