FILED

SEP 20 2018

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ARNOLD K. RICHARDS and
MARY L. RICHARDS,

        Plaintiffs,

v.                                              CIVIL ACTION NO. 1:17CV50
                                              (Judge Keeley)

EQT PRODUCTION COMPANY,
A Pennsylvania Corporation,

        Defendant.

## FINAL JURY CHARGE

Now that you have heard all of the evidence in this case, ladies and gentlemen, it is my duty to instruct you as to the law applicable to this civil action. The arguments of counsel will follow this final charge.

As you know, the trial function of the judge is to preside in such manner that proper and relevant evidence is presented, and to instruct the jury on the law applicable to the case. It is your duty as jurors to follow the law as stated in this final charge and to apply these rules of law to the facts as you find them from the evidence in the case. You must not single out one instruction alone as stating the law, but must consider the instructions as a whole. Each of you may take your copy of these instructions with you into the jury room.

You should not concern yourself with the wisdom of any rule of law stated by the Court. Your sworn duty as jurors is to base your verdict only on the law in this final charge, without regard for your personal opinion as to what the law should be. It

**RICHARDS V. EQT**                         **CIVIL ACTION NO. 1:17CV50**

<u>**FINAL JURY CHARGE**</u>

---

1  is also part of your sworn duty to base your verdict only
2  on the evidence admitted in this case.
3       Our jury system depends upon the willingness of
4  each individual juror to seek the truth from the evidence
5  presented at trial, and to arrive at a verdict by applying the
6  rules of law as provided in these instructions.
7       You must perform your duty without any bias or prejudice as
8  to either party. Our system of law does not permit jurors to
9  be governed by sympathy, prejudice or public opinion. The
10 parties and the public expect that you will carefully and
11 impartially consider all of the evidence in the case, follow the
12 law as stated in this final charge, and then reach a just
13 verdict, regardless of the consequences.
14      You must decide this case as a civil action between persons
15 of equal standing and worth in the community. By that, I mean
16 that a corporation such as EQT Production Company is entitled
17 to the same fair trial in your hands as are private individuals.
18 All persons, including corporations, stand equal before the law
19 and are to be dealt with as equals in a court of justice.
20      The burden is on the plaintiffs in a civil action to
21 prove every essential element of their claims by a
22 preponderance of the evidence. If the evidence should fail to
23 establish any essential element on a particular claim by a

**RICHARDS V. EQT**                                         **CIVIL ACTION NO. 1:17CV50**

<u>**FINAL JURY CHARGE**</u>

---

1  preponderance of the evidence, or if the evidence is evenly
2  balanced, then the plaintiffs have failed to establish their
3  burden of proof and you should find for the defendant on that
4  claim.

5        The phrase "preponderance of the evidence" has a
6  simple meaning. It has to do with the weight of the
7  evidence. For example, in an ordinary lawsuit, the
8  plaintiffs bring forth evidence to support their side, and
9  the defendant brings forth evidence to support its side. Each
10 juror then weighs the evidence in his or her mind. If the
11 plaintiffs' evidence is more persuasive and outweighs the
12 defendant's evidence, then we have a condition where the
13 preponderance (or weight) is on the plaintiffs' side, and you
14 should find for the plaintiffs. However, if the plaintiffs'
15 evidence is not more persuasive and does not outweigh
16 the defendant's evidence, or if the evidence is evenly balanced
17 in the minds of the jury, then there is a preponderance of the
18 evidence favoring the defendant.

19       In determining preponderance, the test is not which
20 side brings the greater number of witnesses or presents the
21 greater quantity of evidence, but which side presents the more
22 persuasive evidence when all the evidence has been heard. You
23 alone are to judge the quality of the evidence. Quality may or

**RICHARDS V. EQT**                              **CIVIL ACTION NO. 1:17CV50**

**FINAL JURY CHARGE**

---

1  may not be consistent with quantity.

**TYPES OF EVIDENCE**

There are, generally speaking, two types of evidence from which you, the jury, may properly find the truth as to the facts of the case. One is direct evidence -- such as the testimony of an eye-witness. The other is indirect or circumstantial evidence -- proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all of the evidence in the case, both direct and circumstantial.

**STATEMENTS AND ARGUMENTS OF ATTORNEYS**

As I have indicated to you, statements and arguments of attorneys during opening statement and closing argument are not evidence in the case. They are intended only to assist the jury in understanding the evidence and the contentions made. While counsel may, during closing argument, state his or her opinion as to what the amount of the verdict should be, you are instructed that any dollar figures mentioned by counsel do not constitute evidence but merely represent argument which you as the jury may disregard in your deliberations.

4

RICHARDS V. EQT                               CIVIL ACTION NO. 1:17CV50

## FINAL JURY CHARGE

### QUESTIONS OR REMARKS OF COURT

Further, no statement, ruling, question, remark or comment which I have made during the course of the trial was intended to indicate my opinion as to how you should decide the case or to influence you in any way in your determination of the facts, nor should you draw any inferences from anything I may have said. You alone are to judge for yourselves the questions of fact in this case.

### OBJECTIONS

Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received only for a limited purpose, you must follow that instruction.

### THE EVIDENCE IN THIS CASE

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts that have been stipulated to by the

**RICHARDS V. EQT**                              CIVIL ACTION NO. 1:17CV50

<u>**FINAL JURY CHARGE**</u>

---

1  parties. Any evidence to which I sustained an objection during
2  the course of trial, and any evidence that I ordered stricken
3  from the record, must be entirely disregarded by you in your
4  deliberations.
5      Unless you are otherwise instructed, anything you may have
6  read, heard, or seen outside the courtroom is not evidence, and
7  must be entirely disregarded.

<u>**WEIGHING EVIDENCE**</u>

10     You are to consider only the evidence in the case. But, in
11  your consideration of the evidence, you are not limited to the
12  bald statements of the witnesses. In other words, you are not
13  limited solely to what you saw and heard as the witnesses
14  testified. You are permitted to draw, from facts which you find
15  have been proven, such reasonable inferences as you believe are
16  justified in the light of experience. An inference is a
17  deduction or conclusion that reason and common sense lead the
18  jury to draw from the facts that have been established from the
19  evidence in the case.

<u>**CREDIBILITY OF WITNESSES**</u>

22     As you may recall from my preliminary instructions to you,
23  you as jurors are the sole judges of the credibility of the
24  witnesses and the weight their testimony deserves.
25     You are not required to accept testimony, even though

**RICHARDS V. EQT**                              CIVIL ACTION NO. 1:17CV50

<u>**FINAL JURY CHARGE**</u>

1  the testimony is uncontradicted and the witness is not
2  impeached.
3       You should carefully consider each witness's
4  intelligence, motive, state of mind, and demeanor and manner
5  while on the stand. Consider also any relation each witness may
6  bear to either side of the case, the manner in which each witness
7  might be affected by the verdict; and the extent to which, if at
8  all, each witness is either supported or contradicted by other
9  evidence in the case.
10      Inconsistencies or discrepancies in the testimony of
11 a witness, or between the testimony of different witnesses,
12 may or may not cause the jury to discredit such testimony. Two
13 or more persons witnessing an incident or a transaction may see
14 or hear it differently, and innocent misrecollection, like
15 failure of recollection, is not an uncommon experience. In
16 weighing the effect of a discrepancy, always consider whether
17 it pertains to a matter of importance or an unimportant
18 detail, and whether the discrepancy results from innocent
19 error or intentional falsehood.
20      In addition, the testimony of a witness may be discredited
21 or impeached by showing that he or she previously made
22 statements which are inconsistent with his or her present
23 testimony. As a general rule, earlier contradictory statements

RICHARDS V. EQT                                CIVIL ACTION NO. 1:17CV50

## FINAL JURY CHARGE

1  are admissible only to impeach the credibility of the witness,
2  and not to establish the truth of those statements.
3       If a witness is shown to have knowingly testified
4  falsely concerning any material matter, or conducted himself or
5  herself in a manner that indicates a propensity to lie, or
6  involves some element of deceit or untruthfulness, you have a
7  right to distrust the testimony of that witness in other
8  particulars, and you may reject all the testimony of that
9  witness or give it such credibility as you may think it
10 deserves.
11      In this connection, the weight of the evidence is
12 not necessarily determined by the number of witnesses
13 testifying. Rather, you should consider all the facts and
14 circumstances in evidence to determine which of the witnesses
15 are worthy of greater credence or believability.

16                          **IMPEACHMENT**
17
18      A witness, whether or not a party, may be discredited
19 or impeached by contradictory evidence or by evidence that, at
20 other times, the witness may have made statements that are
21 inconsistent with the witness's testimony.
22      If you believe a witness has been impeached, or if a
23 witness has been shown to have knowingly testified falsely
24 concerning any material matter, you have a right to distrust

## FINAL JURY CHARGE

such witness's testimony in all other particulars, and you may reject all the testimony of that witness or give it such credibility as you think it deserves.

### VIDEO RECORDINGS

You have seen a video recording of the deposition of Kristy Toia that was received in evidence. What you saw on the recording is the evidence, and as with all other evidence, you must give it such weight you feel it deserves.

### FOLLOWING INSTRUCTIONS AS A WHOLE

You, as jurors, are the judges of the facts. But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now in the process of defining for you.

You must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule that I may state to you. That is, you must not substitute your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

### VERDICT BASED ON EVIDENCE

By the same token it is also your duty to base your verdict solely upon the testimony and evidence in the case,

**RICHARDS V. EQT**                                    CIVIL ACTION NO. 1:17CV50

<u>**FINAL JURY CHARGE**</u>

---

without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

<u>**STIPULATIONS OF FACT**</u>

The parties in this case have agreed to certain facts that have been read to you. You must therefore treat the following facts as having been proved:

1. EQT Production is the sole lessee to the Leases at issue:

    a) The 74 acre, more or less, tract was originally leased between A.H. Hodge, et ux., as lessor, to J.E. Richards as lessee, by oil and gas lease dated December 1, 1951, of record in the office of the Clerk of the County Commission of Ritchie County, West Virginia, in Lease Book 80 at page 449.

    b) The 92 acre, more or less, tract was originally leased between Ruby Dotson, et al., as lessor, to J.E. Richards as lessee, by oil and gas lease dated December 5, 1951, of record in the office of the Clerk of the County Commission of Ritchie County, West Virginia, in Lease Book 80 at page 445.

    c) The 98 acre, more or less, tract was originally leased between Pearl Hutchinson, et al., as lessor, to J.E. Richards as lessee, by oil and gas lease dated December 5, 1951, of record in the office of the Clerk of the County Commission of Ritchie County, West Virginia, in Lease Book 80 at page 447.

2. EQT Production, as lessee to the Leases at issue, has the right to develop and produce natural gas from the Lease premises.

3. Plaintiffs are owners of the oil and gas within and

**RICHARDS V. EQT**                                 CIVIL ACTION NO. 1:17CV50

<u>**FINAL JURY CHARGE**</u>

---

underlying the subject leased tracts and are lessors to the Leases at issue.

4. EQT Production Company and Arnold and Mary Richards were parties to lease modifications for the three Leases as follows:

   a) **Amendment and Ratification of Oil and Gas Lease** dated September 4, 2014, of record in the said Clerk's office in Lease Book 277 at page 949, the Plaintiffs and Defendant entered into an agreement to modify the existing 74 acre, *more or less*, lease to allow for pooling and unitization in order to develop the oil, gas, and other products from the Marcellus Shale within and underlying the subject acreage.

   b) **Amendment and Ratification of Oil and Gas Lease** dated September 4, 2014, of record in the said Clerk's office in Lease Book 277 at page 973, the Plaintiffs and Defendant entered into an agreement to modify the existing 92 acre, *more or less*, lease to allow for pooling and unitization in order to develop the oil, gas, and other products from the Marcellus Shale within and underlying the subject acreage.

   c) **Amendment and Ratification of Oil and Gas Lease** dated September 4, 2014, of record in the said Clerk's office in Lease Book 277 at page 976, the Plaintiffs and Defendant entered into an agreement to modify the existing 98 acre, *more or less*, lease to allow for pooling and unitization in order to develop the oil, gas, and other products from the Marcellus Shale within and underlying the subject acreage.

5. The parties stipulate to the authenticity of the documents, including disk exhibits with accounting/excel spreadsheets, offered as exhibits at trial.

6. The interstate pipeline into which natural gas from the Lease premises is delivered is the Texas Eastern Transmission ("TETCO") M2 system.

7. EQT Production sells natural gas produced from the Lease

**RICHARDS V. EQT**                                         CIVIL ACTION NO. 1:17CV50

<u>**FINAL JURY CHARGE**</u>

      premises to EQT Energy, LLC, at the wellhead.

8.    EQT Production Company has recently drilled horizontal Marcellus Shale wells on the Pullman 96 pad – identified or referred to as "PUL96"-situate on the Wilma Wilson farm in Union District, Ritchie County, West Virginia, and pursuant, in part, to the leases and modifications. The wells are identified as ***PUL96H1*** (API #47-085-10219) (EPC Well #515883), ***PUL96H2*** (API #47-085-10207) (EPC Well #515884), ***PUL96H3*** (API #47-085-10220) (EPC Well #515885), ***PUL96H4*** (API #47-085-10217)(EPC Well #515886), ***PUL96H5*** (API #47-085-10211) (EPC Well #515887), and ***PUL96H6*** (API #47-085-10218) (EPC Well #515888).

9.    Natural gas produced from the horizontal wells on the Lease premises passes through meters located at or near the wellhead where EQT Energy, LLC takes custody of the gas.

**INSTRUCTIONS REGARDING SPECIFIC CLAIMS**

I will now provide you instructions relating to the specific claims in this case.

***BREACH OF CONTRACT***

The plaintiffs, Arnold K. and Mary L. Richardses ("the Richardses"), claim that the defendant, EQT Production Company, is liable for breach of the terms of three oil and gas lease contracts ("the Leases"). The parties have stipulated to the terms of the contracts and that these contracts are valid. Therefore, the Leases are a contractual obligation between the parties.

The parties also have stipulated that the Leases contain language and strike-through amendments as follows:

**RICHARDS V. EQT**                               CIVIL ACTION NO. 1:17CV50

<u>**FINAL JURY CHARGE**</u>

1  "In consideration of the Premises the said party of the
2  second part, covenants and agrees . . . to pay one-eighth
3  (1/8) of the ~~value at the well~~ **market price** of the gas from
4  each and every gas well drilled on said premises, the
5  product from which is marketed and ~~used~~ **sold** off the
6  premises, said gas to be measured ~~at~~ **by** a meter ~~set on the~~
7  ~~farm~~."
8
9  The term "value at the well" was replaced in the Leases by
10 the term "market price." Likewise, "marketed and used off the
11 premises" was changed in the Leases to read "marketed and sold
12 off the premises."
13 A breach of contract occurs when a party fails to comply
14 with a term in the contract and damages arise from that breach.
15 Therefore, in order for the Richardses to prevail on their
16 breach of contract claim, the Richardses must prove, by a
17 preponderance of the evidence, (1) that EQT Production Company
18 failed to comply with a term in the Leases, and (2) that the
19 Richardses were damaged as a result.
20 The word "breach," as applied to contracts, is defined as a
21 failure without legal excuse to perform any promise that forms a
22 whole or a part of a contract. The words of a contract should be
23 given their ordinary, usual meaning, unless you find from the
24 evidence that the parties clearly intended those words to have
25 another meaning.
26 The rights and obligations of the Richardses and EQT
27 Production Company in relation to each other are measured by,

**RICHARDS V. EQT**                                    CIVIL ACTION NO. 1:17CV50

<u>**FINAL JURY CHARGE**</u>

1  and must be determined by, the terms of the Leases. The
2  Richardses' rights and obligations remain the same as those of
3  the original lessors. EQT Production Company, by assignment,
4  merely succeeded to the rights and obligations of the original
5  lessee under the controlling Leases. Therefore, EQT Production
6  Company is bound by the same terms of the Leases for the
7  benefit of the Richardses and in the same manner and degree as
8  originally upon EQT Production Company's predecessors in the
9  leases.

10  EQT Production Company denies that it breached the Leases
11  and contends that its royalty payments to the Richardses are the
12  full amount due in compliance with the terms of the Leases. The
13  Richardses have the burden of proving that EQT Production
14  Company breached the Leases by failing to pay them the full
15  amount of royalties due under the Leases.

16  In that regard, they must prove, by a preponderance of the
17  evidence, that, under the terms of the Leases, the royalty they
18  received from EQT Production Company was not 1/8 of the market
19  price of the "gas to be measured by a meter."

20  Under West Virginia law, lessees have an implied duty to
21  market the natural gas they produce. Therefore, unless a
22  natural gas lease provides otherwise, the lessee must bear all

**RICHARDS V. EQT**                               **CIVIL ACTION NO. 1:17CV50**

<u>**FINAL JURY CHARGE**</u>

1  costs incurred in producing, marketing, and transporting the
2  product to the point of sale. Where a lease provides that the
3  lessors' royalties are based upon the "market price" of the gas
4  to be measured by a meter, the market price is computed by
5  ascertaining the price that a willing buyer would pay a willing
6  seller.

7                                   *DAMAGES*

8      It is my duty to instruct you about the measure of damages.
9  But by instructing you on damages, I do not mean to suggest for
10 which party your verdict should be.
11     If you find that the Richardses have proved, by a
12 preponderance of the evidence, that EQT Production Company
13 breached the terms of the Leases by failing to pay the
14 Richardses the proper amount of royalties owed to them by the
15 terms of the Leases, you may award the Richardses the amount of
16 royalties, if any, which you find were underpaid by EQT
17 Production Company.
18     The Richardses have the burden of proving damages for
19 breach of contract, if any, by a preponderance of the evidence.
20 On the other hand, if you find that the Richardses have failed
21 to prove by a preponderance of the evidence that EQT Production
22 Company breached the terms of the Leases, then your verdict
23 should be for EQT Production Company.

**RICHARDS V. EQT**  **CIVIL ACTION NO. 1:17CV50**

<u>**FINAL JURY CHARGE**</u>

---

1  <u>**CONCLUSION**</u>

2  Ladies and gentlemen, that concludes my instructions for
3  you on the law. The verdict must represent the considered
4  judgment of each juror. In order to return a verdict, it is
5  necessary that each juror agree to it. Your verdict must be
6  unanimous.

7  It is your duty, as jurors, to consult with one another,
8  and to deliberate with a view to reaching an agreement if you
9  can do so without sacrifice of conscientious conviction. Each
10 of you must decide the case for himself or herself, but do so
11 only after an impartial consideration of the evidence in the
12 case with your fellow jurors. In the course of your
13 deliberations, do not hesitate to re-examine your own views,
14 and change your opinion if you become convinced that it is
15 erroneous. But do not surrender your honest conviction as to
16 the weight or effect of the evidence solely because of the
17 opinion of your fellow jurors, or for the mere purpose of
18 returning a verdict.

19 Some of you have taken notes during the course of this
20 trial. Notes are only an aid to memory and should not be given
21 precedence over your independent recollection of the facts. A
22 juror who did not take notes should rely on his or her
23 independent recollection of the proceedings and should not be

**RICHARDS V. EQT**                                  **CIVIL ACTION NO. 1:17CV50**

<u>**FINAL JURY CHARGE**</u>

influenced by the notes of other jurors. If any reference by the Court or by counsel to matters of evidence does not coincide with your own recollection, your recollection should control during your deliberations.

Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by either your foreperson or one or more members of the jury. No member of the jury should attempt to communicate with the Court by any means other than a signed writing, and the Court will not communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open court. Also, I will not give you transcripts of the evidence or testimony adduced at trial. You must make your findings from the evidence as you remember it.

Bear in mind also that you are never to reveal to any person -- not even to the Court -- how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict.

In addition, the local rules of this Court provide that

RICHARDS V. EQT                                    CIVIL ACTION NO. 1:17CV50

### FINAL JURY CHARGE

after the conclusion of a trial, no party, his agent or his attorney shall communicate or attempt to communicate concerning the jury's deliberations or verdict with any member of the jury before which the case was tried, without first obtaining an order of the Court granting permission to do so. This rule does not prevent you, the jury, from communicating with anyone concerning your deliberations or verdict, but merely governs the contact of you by other persons involved in the trial.

. . .

Upon retiring to the jury room, select one of your number to act as your foreperson, who will preside over your deliberations and will be your spokesperson here in Court.

When you go to the jury room to consider the evidence presented to you during the trial of this case, you will be furnished with a jury verdict form which is self-explanatory. **[Review verdict form].**

You will take this verdict form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson complete this form by answering the question or questions under the written instructions on the verdict form and then completing the form, stating the verdict upon which you unanimously agree. The foreperson will

**RICHARDS V. EQT**                                    CIVIL ACTION NO. 1:17CV50

<u>**FINAL JURY CHARGE**</u>

---

1  then sign and date the form and the jury will return with your
2  verdict to the courtroom.
3      Do not begin your deliberations until the Clerk delivers
4  to your jury room the verdict form and exhibits.
5      Ladies and gentlemen, the case is now ready for
6  your deliberation and the Court's officer will conduct you to
7  the jury room.