IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

ARNOLD K. RICHARDS and
MARY L. RICHARDS, his wife,

 Plaintiffs,

v.               Civil Action No.  1:17-CV-50-IMK

EQT PRODUCTION COMPANY,
A Pennsylvania Corporation,

 Defendant.


PLAINTIFFS' MOTION FOR STATUTORY PREJUDGMENT INTEREST
ON JURY VERDICT AND DIRECTED VERDICT AND MEMORANDUM OF LAW
IN SUPPORT OF THE SAME

  Come now the Plaintiffs, **ARNOLD K. RICHARDS and MARY L. RICHARDS,** by their counsel, **SCOTT A. WINDOM, ESQ.,** and **RODNEY C. WINDOM, ESQ.,** and move the Court to award prejudgment interest on the jury verdict and directed verdict in this matter.  In support of their motion, the Plaintiffs state as follows:


STATEMENT OF FACTS

  The oil and gas leases that are the subject of this litigation were entered into in 1951 by the parties' predecessors in title.  Until January, 2017, royalties paid for wells drilled pursuant to the 1951 leases were paid without deduction for post-production costs or severance taxes.  However, beginning in January, 2017[1], EQT Production ["EQT"] began deducting both post-production costs and

---

[1] The January, 2017 royalty statements included production volumes of gas from November, 2016.

severance taxes from the Richardses' royalty payments. Arnold Richards testified at trial that he contacted EQT in January, 2017, to dispute the deductions but EQT refused to refund the same.

Thereafter, Arnold Richards and Mary Richards filed their Complaint in the Circuit Court of Ritchie County, West Virginia, on February 27, 2017, alleging, *inter alia*, a breach of contract by EQT Production Company. In their prayer for relief the Richardses sought an award of both prejudgment interest and post judgment interest. Thereafter, on April 3, 2017, the Defendant filed its notice of removal [Dkt. No. 1] to this Court based upon diversity of the parties and the amount in controversy.

The case ultimately proceeded to trial on September 18, 2018. At the close of evidence, the Plaintiffs moved for directed verdict for the improper deduction of severance taxes from their royalties paid on EQT's horizontal gas wells. The Court granted that motion and directed a verdict in favor of the Plaintiffs in the amount of Forty Two Thousand, Five Hundred Forty Dollars and Eighty-Three Cents ($42,540.83) with post judgment interest at the rate of 2.56% per annum [Dkt. No. 137]. The Court did not award prejudgment on the directed verdict at that time.

Thereafter, the jury deliberated and, after considering the evidence in the case, returned a verdict in favor of the Plaintiffs in the amount of One Hundred Ninety One Thousand, Nine Hundred Ninety Eight Dollars and Sixty-One Cents ($191,998.61) [Dkt. No. 134]. The Judgment on the jury verdict also included post judgment interest at the rate of 2.56% per annum [Dkt. No. 138] but no prejudgment interest was awarded at the time the judgment was entered.

**ARGUMENT**

1. **Where the Cause of Action is Removed to Federal Court Because of Diversity of Citizenship, Prejudgment Interest is Determined by West Virginia Code § 56-6-31.**

EQT removed this case to Federal Court because of diversity of citizenship (Dkt. No. 1). In *U.S. v. Dollar Rent A Car Sys. Inc.*, 712 F.2d 938 (1983), the Fourth Circuit noted, "[c]ourts have held that state law applies to questions involving prejudgment interest in diversity cases." [Citations omitted]. That same Court also noted, "There is Fourth Circuit authority for the proposition that, in appropriate cases, the rate of prejudgment interest should be determined, not according to the legal rate provided by state statute, but at a rate that would compensate the plaintiff for the delay in recovering damages. In these cases, however, either the rate set by the appellate court was less than the state's legal rate of interest or the trial court was instructed to set a rate not greater than the maximum allowed by the law of the forum state. *Clarke Baridon, Inc. v. Merritt-Chapman and Scott Corp.,* 311 F.2d 389, 399 (4th Cir.1962); *Montgomery Ward & Co. v. Collins Estate,* 268 F.2d 830, 839 (4th Cir.1959); *E.I. du Pont de Nemours & Co. v. Lyles & Lang Construction Co.,* 219 F.2d 328, 342 (4th Cir.1955), cert. denied 349 U.S. 956, 75 S.Ct. 882, 99 L.Ed. 1280. See also *M.B.A.F.B. Federal Credit Union v. Cumis Insurance Society,* 507 F.Supp. 794, 798–799 (D.S.C.1981), aff'd 681 F.2d 930 (4th Cir.1982)." *Id.* at FN7.

Similarly, in *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614 (4th Cir. 1999), the Fourth Circuit, citing *U.S. v. Dollar Rent A Car Sys. Inc.*, held that, "[state][2] law governs the award of prejudgment interest in a diversity case." *Id*. at 633. It stands to reason then that West Virginia law would likewise govern the award of prejudgment interest in this West Virginia diversity case.

---

[2] The *Hitachi Credit Am. Corp.* case was from Virginia and the Fourth Circuit's opinion noted that Virginia law would apply to that particular matter.

2. **Pursuant to West Virginia Code § 56-6-31, the interest rate for this cause of action would be the rate set by the West Virginia Supreme Court of Appeals on judgments and decrees that was in effect in 2017.**

W. Va. Code § 56-6-31 states in pertinent part:

*"(a) Except where it is otherwise provided by law, **every judgment or decree for the payment of money**, whether in an action sounding in tort, **contract**, or otherwise, entered by any court of this state **shall bear simple, not compounding, interest, whether it is stated in the judgment decree or not**.*

*(b) Prejudgment -- In any judgment or decree that contains special damages, as defined below, or for liquidated damages, **the court may award prejudgment interest on all or some of the amount of the special or liquidated damages, as calculated after the amount of any settlements.** Any such amounts of special or liquidated damages shall bear simple, not compounding, interest. Special damages include lost wages and income, medical expenses, damages to tangible personal property and similar out-of-pocket expenditures, as determined by the court. If an obligation is based upon a written agreement, the obligation bears prejudgment interest at the rate and terms set forth in the written agreement until the date the judgment or decree is entered and, after that, the judgment interest is the same rate as provided for below in subsection (c) of this section.*

*(1) Notwithstanding the provisions of section five, article six, chapter forty-seven of this code, **the rate of prejudgment interest is two percentage points above the Fifth Federal Reserve District secondary discount rate in effect on January 2, of the year in which the right to bring the action has accrued**, as determined by the court and **that established rate shall remain constant from that date until the date of the judgment or decree**, notwithstanding changes in the federal reserve district discount rate in effect in subsequent years prior to the date of the judgment or decree: **Provided, That the rate of the prejudgment interest may not exceed nine percent per annum or be less than four percent per annum.** The administrative office of the Supreme Court of Appeals shall annually determine the prejudgment interest rate to be paid upon judgment or decrees for the payment of money and shall take appropriate measures to notify the courts and members of the West Virginia State Bar of the rate of interest in effect for the calendar year in question. Once the rate of prejudgment interest is established as provided in this section, that established rate shall remain constant for the prejudgment interest for that particular judgment or decree, notwithstanding changes in the Federal Reserve District discount rate in effect in subsequent years…*

*…(d) Amendments to this section enacted by the Legislature during the 2017 regular session **become effective January 1, 2018**."*

4

According to W. Va. Code § 56-6-31, the rate of prejudgment interest must be established for "the year in which the right to bring the action has accrued." In this matter, the right to bring the action accrued—and the case was actually filed—in 2017 when the improper deductions were first taken from the Richardses' oil and gas royalties. The Administrative Office of the Supreme Court of Appeals of West Virginia set the 2017 interest rate at seven percent (7%)[3]. See press release from the Administrative Office of the Supreme Court of Appeals of West Virginia attached hereto as "**Exhibit 1**".

Although the prejudgment interest statute was later amended during a special session of the West Virginia Legislature in 2017, the interest rate for this particular cause of action was already established by the Administrative Office of the Supreme Court of Appeals of West Virginia at seven percent (7%). In fact, the 2018 version of the prejudgment interest statute states, "Once the rate of prejudgment interest is established as provided in this section, that established rate shall remain constant for the prejudgment interest for that particular judgment or decree, notwithstanding changes in the Federal Reserve District discount rate in effect in subsequent years[4]." Thus, the 2017 amendments to W. Va. Code § 56-6-31, enacted after this matter was already filed, would not reduce the rate of prejudgment interest in this particular cause of action.

3. **Provisions of West Virginia Code § 56-6-31 are mandatory and must be calculated from the date on which the cause of action accrued.**

"A decree which provides that a judgment for the payment of money shall not bear interest violates Section 31, Article 6, Chapter 56, Code, 1931, and is, in that respect, invalid." Syl. Pt. 4,

---

[3] The minimum amount of prejudgment interest in effect at the time the right to bring this action accrued was seven percent (7%). After the instant civil action was filed, this particular section of the West Virginia Code was amended to reduce the required minimum amount of prejudgment interest to four percent (4%).

[4] The prior (2006) version of W. Va. Code § 56-6-31 contained similar language in subsection (a) that the interest shall be "at the rate in effect for the calendar year in which the right to bring the same shall have accrued."

*Rakes v. Ferguson*, 147 W. Va. 660, 130 S.E.2d 102 (1963). "Under *W. Va. Code,* 56–6–31, as amended, prejudgment interest on special or liquidated damages is recoverable as a matter of law and must be calculated and added to those damages by the trial court rather than by the jury." Syl. Pt. 1, *Grove By & Through Grove v. Myers*, 181 W. Va. 342, 382 S.E.2d 536 (1989). "Under *W. Va. Code,* 56–6–31, as amended, prejudgment interest on special or liquidated damages is calculated from the date on which the cause of action accrued…." *Id.* at Syl. Pt. 2.

The Richardses' cause of action accrued on or about January 15, 2017. The prejudgment interest rate in effect in January, 2017, was seven percent (7%) and the Richardses are entitled to prejudgment interest at that rate on both the jury verdict and the directed verdict.

## CONCLUSION

WHEREFORE, the Plaintiffs move this honorable Court to enter orders awarding prejudgment interest at the foregoing rate in the amounts of $22,571.67 for the jury verdict; and, $5,001.17 for the directed verdict.

                                      **ARNOLD K. RICHARDS and**
                                      **MARY L. RICHARDS, husband and wife,**
                                        Plaintiffs,
                                      By Counsel.

*/s/ Scott A. Windom*_____
**SCOTT A. WINDOM, ESQ.**
WVSB 7812
**RODNEY C. WINDOM, ESQ.**
WVSB 4091
**Windom Law Offices, PLLC**
101 East Main Street
Harrisville, WV  26362
Telephone:  (304) 643-4440
Facsimile:  (304) 643-2947
**COUNSEL FOR THE PLAINTIFFS**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

ARNOLD K. RICHARDS and
MARY L. RICHARDS, his wife,

 Plaintiffs,

v.                                                                          Civil Action No.  1:17-CV-50-IMK

EQT PRODUCTION COMPANY,
A Pennsylvania Corporation,

 Defendant.

## CERTIFICATE OF SERVICE

I, Scott A. Windom, Counsel for Plaintiffs, Arnold K. Richards and Mary L. Richards, do hereby certify that I have served a true and accurate copy of the foregoing *"Plaintiffs' Motion for Statutory Prejudgment Interest on Jury Verdict and Directed Verdict and Memorandum of Law in Support of the Same"* on the following this 18th day of October, 2018, by using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

> **David K. Hendrickson**
> **Barbie Samples**
> **HENDRICKSON & LONG PLLC**
> 214 Capitol St.
> Charleston, WV 25301
> 304-346-5500 (Main) 304-346-5515 (Fax)
> daveh@handl.com
> bsamples@handl.com

*/s/ Scott A. Windom*_____
**SCOTT A. WINDOM, ESQ.**
WVSB 7812
**RODNEY C. WINDOM, ESQ.**
WVSB 4091
**Windom Law Offices, PLLC**
101 East Main Street
Harrisville, WV  26362
Telephone:  (304) 643-4440
Facsimile:   (304) 643-2947
**COUNSEL FOR THE PLAINTIFFS**